FILED

2025 Mar-06  PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

# IN THE UNITED STATES DISTRICT COURT
for the
## NORTHERN DISTRICT OF ALABAMA
Southern Division

FILED

2025 MAR -6  P 3: 53

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| Studio\|Rotan, LLC | ) | |
| *Plaintiff(s)* | ) | |
| | ) | |
| | ) | |
| Vickii J. Howell and | ) | Civil Action No. 2-25-cv-00020-GMB |
| M.O.V.E. Gulf Coast CDC | ) | |
| *Defendants(s)* | ) | |
| | ) | |

## THE DEFENDANT'S ANSWER TO THE COMPLAINT

### I. The Parties Filing This Answer to the Complaint

Name:          Vickii J. Howell, President/CEO

               M.O.V.E. (Making Opportunities Viable for Everyone) Gulf Coast CDC

Street Address:    1177 Elmira Street

City and County:   Mobile (Mobile County)

State and Zip Code:   Alabama 36604

Telephone Number:   1.251.458.9199

E-mail Address:    vhowell@movegulfcoastcdc.org

## II. DEFENDANT'S ANSWER AND DEFENSES TO THE COMPLAINT

### A. Initial Response to Plaintiffs Main Allegations

### (Count I- Breach of Contract, Paragraphs 51-56)

Plaintiff fails to prove breach of contract because, when M.O.V.E. Gulf Coast CDC (at studio|rotan's request) used its scope-of-work document to craft a contract for studio|rotan's services. Ms. Rotan in her capacity as studio|rotan's principal, declined to sign it on two occasions: in March 2021 and again in March 2023. Thus, there is no valid contract with agreements to breach.

### (Count II Copyright Infringement, Paragraphs 57-64)

The Defendant lacks insufficient knowledge of studio|rotan's copyrighted works as outlined in these paragraphs. However, some of these works may have been posted on the Competition website, www.AfricatownDesign.com. At the time, the plaintiff made no claims of copyright infringement or improper use of its "intellectual property."

Verbiage for the website's landing page and certain other internal pages were  written and/or designed by Ms. Howell on behalf of M.O.V.E. Gulf Coast CDC, thus those pages are under its copyright and cannot be infringed upon. Any unauthorized use of the website's language by studio|rotan, its associates or any other group or individual could constitute cause for a countersuit against studio|rotan.

### (Count III- Unjust Enrichment, 65-68)

The plaintiff fails to show unjust enrichment because much of studio|rotan's work is not its intellection property. In fact, most of the ideas, plans or concepts in the Competition were

created by M.O.V.E. Gulf Coast CDC based on Ms. Howell's February 2018 vision board. Other past and present ideas, concepts, and plans came from multiple sources. studio|rotan merely organized others' intellectual property into a collective master planning process as part of its work with M.O.V.E. Gulf Coast CDC.

Furthermore, the designs and essays that architects/ planners/ students submitted in response to The Africatown International Design Idea Competition's programming retain the copyrights to their own works. They have given M.O.V.E. Gulf Coast CDC permission to use their work to market and promote our vision for Africatown, as long as their names, organizations and/or businesses are properly credited.

### (Court IV- Tortuous Interference with Business Relationships 69-72)

The Defendant lacks insufficient knowledge of the internal decision-making processes of the organizations studio|rotan names outlined in these paragraphs. In fact, Ms. Rotan has been made presentations about her work in Africatown, including 2023 and 2024 presentations at the World Conference of Mayors/ Historic Black Towns and Settlements' workshops at its August 2023 and 2024 conferences. She also participated in the October 2023 panel discussion Weitzman School of Design's Center for the Preservation of Historic Sites at the University of Pennsylvania.

### (Court V- Defamation 73-76)

The Defendant lacks insufficient knowledge concerning studio|rotan's specific allegations of defamation. In fact, to project "unity in the community" for Africatown, M.O.V.E. Gulf Coast CDC and Ms. Howell publicly extol the excellent results studio|rotan's services achieved in

the Competition on behalf of Africatown. Publications of joint works, such as the

Architectural League of New York's American Roundtable, and an article Ms. Howell wrote

in Log architectural magazine also put studio|rotan in a positive light.

## B. Defendant's Deny False Claims in Plaintiff's Complaints

Defendants M.O.V.E. Gulf Coast CDC and its President/CEO Vickii Howell, deny hearsay

allegations in the plaintiff's complaint, including:

(Paragraphs 31, 46) studio|rotan specifically requested M.O.V.E. Gulf Coast CDC to pay

$2,500 for the animations it created for the Competition social media pages. Creative

differences do not constitute interference when "the paying customer" objects based on its

own research and design purposes.

(Paragraphs 24, 32-35, 39) M.O.V.E. Gulf Coast CDC, under Vickii Howell's guidance, was

more than just the Competition Organizer. Using the American Institute of Architects'

"Handbook of Architectural Design Competitions" as studio|rotan's preferred reference guide,

M.O.V.E. Gulf Coast CDC, acted as the "Competition Sponsor," providing the overall project

oversight and management, the organizational structure, and financial resources to make the

competition possible. Accordingly, M.O.V.E. Gulf Coast CDC raised an additional $200,000

to make payments to studio|rotan and pay out $100,000 to the Competition winners. They

authorized our use of their works to further our collective Africatown work. We continue to

write more proposals and grants to raise more funds for specific post-Competition projects

using their designs to realize our Feb. 2018 vision for Africatown's community-led

revitalization. Continued false or misleading accusations that impede or implode M.O.V.E. Gulf Coast CDC's post-Competition fundraising activities could give rise to a counterclaim against studio|rotan.

(Paragraphs 36-37) M.O.V.E. Gulf Coast CDC, not studio|rotan, submitted the winning NEA grant, awarded in November 2023. By that time, communications with studio|rotan ceased after it obtained a lawyer -- and presented a new, updated contract -- in June 2023. This contract demanded joint ownership of the Competition designs. This violates AIA protocols, which say the Professional Competition Adviser (studio|rotan) "must have no other interest in the project, either as a designer, an investor, or an employee of the sponsor." This improper, unprofessional request for "joint ownership" of the Competition designs was well as dubious intellectual property claims, along demands for payment under those terms -- after working for five years without a valid contract -- could be cause for a counterclaim against studio|rotan.

(Paragraphs 38-39, 47-49) Plaintiff accusations against Defendant Howell's performance and actions made as M.O.V.E. Gulf Coast CDC board chair, on behalf of the organization she founded, are based on hearsay. studio|rotan's improper access and/or imperfect knowledge of M.O.V.E. Gulf Coast CDC board's internal discussions, with malicious mischaracterization of its records and work performed, could be cause for a counter claim against studio|rotan.

## C. Motions Asserting Defendant's Claims for Relief

The Plaintiff's complaint fails to state valid claims upon which relief can be granted, as there is no valid contractual agreement.

Therefore, the Defendants in this case files motions asking the court to:

(1.) Change the venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure for this lawsuit to the Southern Alabama District, as this case is much more relevant to M.O.V.E. Gulf Coast CDC's work in Mobile, Alabama. The internal, proprietary information that M.O.V.E. board members shared with studio|rotan, plus input from local officials and community leaders' input that were shared with studio|rotan as a paid consultant pertains to work located in the (Africatown in Mobile, and the cities of Prichard and Chickasaw);

(2.) Dismiss this suit against me as an individual, as the allegations pertain to my capacity as President/CEO of M.O.V.E. Gulf Coast CDC;

(3.) Dismiss this case "with prejudice" so the Plaintiff cannot file the same lawsuit against me or my board again based on these same claims. Also remand the issues in this case to mediation, if the court deems it fair.

(3.) Allows M.O.V.E. Gulf Coast CDC, a nonprofit organization in the State of Alabama, more time to raise additional, un-restricted funds to hire an attorney or mediator to resolve outstanding debt issues raised in this law suit.

## III. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer:

(1.) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2.) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law;

(3.) the factual contentions have evidentiary support or, if specifically so identified, will likely

have evidentiary support after a reasonable opportunity for further investigation or discovery;

and

(4.) the answer otherwise complies with the requirements of Rule 11.


Date of signing:

Signature of Defendant

Printed Name of Defendant

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

# IN THE UNITED STATES DISTRICT COURT
for the

## NORTHERN DISTRICT OF ALABAMA

FILED

2025 MAR -6 P 3:59

U.S. DISTRICT COURT
N.D. OF ALABAMA

Southern Division

| | | |
|---|---|---|
| Studio\|Rotan LLC, | ) | |
| Plaintiff, | ) | CASE NO.2.25-cv-00020-GMB |
| v. | ) | |
| | ) | |
| VICKII J. HOWELL and | ) | |
| M.O.V.E. GULF COAST CDC, | ) | |
| Defendants | ) | |
| | ) | |

I, VICKII J. HOWELL, listed as a Defendant in this case, am representing myself (pro se) in this suit. I ask this Court to dismiss the Plaintiff's suit against me as an individual because its Complaint does not properly state a legal claim. Moreover, it concerns my alleged actions and decisions as President/CEO of M.O.V.E. Gulf Coast CDC. I am filing this Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## 1. INTRODUCTION

The Plaintiff, studio\|rotan, claimed that I breached a valid contract with the company, violated its terms of agreement in a contract by willfully misappropriating its intellectual property services and excluded it from fundraising activities to enrich myself. However, the Plaintiff's Complaint cannot show that a real, enforceable contract ever existed between us. This is a basic requirement for a breach of contract lawsuit. Because there was no valid contract, this Complaint should be dismissed.

## 2. MOTION

For all the reasons I've explained above and in the answer filed in response to this lawsuit, I respectfully ask this Court to dismiss the Plaintiff's Complaint "with prejudice," which means the Plaintiff cannot file the same lawsuit against me again based on these same claims. I also ask for any other relief the Court thinks is fair according to the merits of these filings.

Respectfully Submitted,

_____ /s/

1177 Elmira Street Mobile AL 36604
(251) 458-9199; (205) 566-3131
vhowell@moveguifcoastcdc.org / vickii.howell@gmail.com

*Pro Se* Defendant

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complain

(3.) the factual contentions have evidentiary support or, if specifically so identified, will likely

have evidentiary support after a reasonable opportunity for further investigation or discovery;

and

(4.) the answer otherwise complies with the requirements of Rule 11.


Date of signing: _Thursday, March 6, 2025_

Signature of Defendant   _Vickii J. Howell, President/CEO_
                          _MOVE Gulf Coast CDC_

Printed Name of Defendant

_Vickii J. Howell, President/CEO_
_M.O.V.E Gulf Coast CDC_