In the United States District Court
for the Northern District of Alabama,
Southern Division

| | |
|---|---|
| **Studiorotan LLC,**<br>    *Plaintiff,*<br><br>                              v.<br><br>**Vickii J. Howell and**<br>**M.O.V.E. Gulf Coast CDC,**<br>    *Defendants*. | 2:25-cv-00020-GMB |

# RESPONSE IN OPPOSITION TO HOWELL'S MOTION TO DISMISS AND MOTION TO TRANSFER VENUE

Plaintiff Studiorotan LLC ("Studio|rotan") hereby responds to The Defendant's Answer to the Complaint filed by Defendant Vickii Howell ("Defendant" or "Howell").[1] (Doc. 3). For the reasons stated herein, Howell's motions are due to be DENIED.

---

[1] Howell attempted to file this answer and its accompanying motions for both herself, in her individual capacity, and for the other Defendant, M.O.V.E. Gulf Coast CDC, for which she serves as President and CEO. As Howell is not an attorney, she cannot represent M.O.V.E. Gulf Coast CDC, and cannot file any pleadings on its behalf. (*See* Doc. 7). Therefore, Studio|rotan only responds to Howell's motion as it pertains to Howell, in her individual capacity.

## INTRODUCTION

Howell has moved for this action to be dismissed or, alternately, that the case be transferred to the United States District Court for the Southern District of Alabama. In support of these arguments, Howell has alleged, in essence, that Studio|rotan has failed to "prove" the allegations of its Complaint. As Studio|rotan is not yet required to "prove" its case, and only is required to plead a short and plain statement of its claim, Howell's argument impermissibly shifts the burden on Studio|rotan at the pleading phase of litigation. Therefore, her motion is due to be DENIED.

As for transferring the venue, Studio|rotan has alleged facts sufficient for a finding that venue is proper in the Northern District of Alabama, as Howell knew Studio|rotan was based in Birmingham, Alabama. Howell availed herself of the venue by hiring Studio|rotan, knowing it was based in Birmingham, Alabama. Howell also made defamatory comments and contributed, in her personal capacity, to copyright infringement that caused damage to Studio|rotan primarily within in the Northern District of Alabama. Therefore, her motion is due to be DENIED.

## STANDARD

Generally, under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). To survive a 12(b)(6) motion to dismiss, the complaint "does not need detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957). It is black letter law that "[a] motion to dismiss does not test the merits of a case." *See Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1037 (11th Cir. 2008). In deciding a motion to dismiss, courts must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016).

## ARGUMENT

Defendant asks this Court to dismiss Studio|rotan's well-pleaded Complaint or, alternatively, transfer the case to the Southern District of Alabama. Neither request has merit. First, this Court has personal jurisdiction over Defendant because they purposefully availed themselves of this forum by soliciting Studio|rotan, which is based in Birmingham, Alabama, and by forming the

contractual relationship at the heart of this dispute. Second, venue in the Northern District of Alabama is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to Plaintiff's claims occurred here. Third, Defendant has not met the high burden of showing that transfer under 28 U.S.C. § 1404(a) is warranted. Plaintiff's choice of forum is entitled to substantial deference. Finally, Studio|rotan properly states multiple plausible causes of action, including breach of contract and copyright infringement. The motion to dismiss under Rule 12(b)(6) therefore fails. Accordingly, Defendant' Motion should be denied in its entirety.

1. **This Court has personal jurisdiction over Howell because she resides within State of Alabama.**

Howell is a resident of the State of Alabama, therefore this Court has personal jurisdiction over Howell because of her residency within the state and her contacts within this forum.

> The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," *Shaffer* v. *Heitner*, 433 U.S. 186, 218 (1977) (STEVENS, J., concurring in judgment), the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render

them liable to suit," *World-Wide Volkswagen Corp. v. Woodson*, [444 U.S. 286, 297](#) (1980).

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985).

Howell, as a resident of the State of Alabama, is unquestionably under the personal jurisdiction of this Court. (Doc. 1, para. 2).

**2. Venue Is Proper in the Northern District of Alabama**

*2.1. Substantial Part of the Events Occurred in This District*

Under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Here, Studio|rotan performed the bulk of its contractual obligations in Birmingham, developed the relevant intellectual property here, and suffered harm in this District. (Doc. 1, paras. 6, 17, and 31). Courts in the Eleventh Circuit recognize that venue is appropriate so long as significant events or omissions forming the basis of the claim took place in the forum. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003). That some events also occurred elsewhere (like in the Southern District) does not negate venue in this District. *Id.* at 1371–72.

### 2.2. *Defendant' Conduct Targeted This Forum*

Defendant deliberately targeted Plaintiff, located in Jefferson County, Alabama. They requested and received business proposals, communications, and deliverables directed at this forum. (Doc. 1, para. 17). Because material events transpired in the Northern District, and the Agreement was primarily performed in this District, venue here is not merely a matter of convenience but is proper and consistent with the statute. See 28 U.S.C. § 1391(b)(2).

## 3. Transfer Under 28 U.S.C. § 1404(a) Is Unwarranted

### 3.1. *Plaintiff's Choice of Forum Is Entitled to Deference*

"[T]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). Defendant fails to demonstrate that the balance of factors strongly favors transfer. Indeed, transferring venue to the Southern District of Alabama would merely shift any alleged inconvenience from Defendant to Plaintiff, which is an insufficient basis for disturbing Plaintiff's choice of forum. *Id.*

*3.2. Convenience and Interests of Justice Favor Retaining the Case*

Much of the key evidence and witnesses are located in or closer to Birmingham. Plaintiff's relevant documents, work product, and potential in-state witnesses (including sponsors, local collaborators, and Plaintiff's employees) are here. Moreover, the Northern District of Alabama has a strong interest in adjudicating disputes involving local businesses. Consequently, a transfer would not serve the interests of justice or convenience, and Defendant have not met their burden under § 1404(a). *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

**4. Studio|rotan's Complaint Sufficiently Alleges Causes of Action**

Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be rejected. When evaluating a Rule 12(b)(6) motion, this Court must "accept all factual allegations in the complaint as true" and construe them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*4.1. Breach of Contract*

The Complaint plainly alleges: (1) the existence of a valid contract between Studio|rotan and Defendant M.O.V.E. Gulf Coast CDC; (2) Studio|rotan's performance; (3) Defendant's non-performance, including non-payment and

misuse of Studio|rotan's work; and (4) resulting harm to Studio|rotan. This satisfies Alabama's requirements for a breach of contract claim. *See Poole v. Prince*, 61 So. 3d 258, 273 (Ala. 2010).

### 4.2.  *Copyright Infringement*

To state a claim for copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Studio|rotan details specific copyrighted works it created, ownership thereof, and Defendant's unauthorized use of those works, including editing and publicly displaying or distributing them without permission. (Doc. 1, paras. 19, 25, and 31-42). Accepting these allegations as true, the Complaint amply states a claim for copyright infringement.

### 4.3.  *Remaining Claims*

The Complaint likewise provides sufficient factual allegations for Studio|rotan's other causes of action, including tortious interference and defamation. Defendant' disputes with those facts or with Plaintiff's interpretation thereof are not grounds for dismissal at this stage. *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555–56 (2007). The Court should allow these claims to proceed to discovery for full factual development.

## CONCLUSION

For the foregoing reasons, this Court has personal jurisdiction over Defendant, and venue in the Northern District of Alabama is proper. Transfer to the Southern District under 28 U.S.C. § 1404(a) would be unwarranted. Furthermore, Plaintiff's Complaint states plausible claims for relief, and dismissal under Rule 12(b)(6) is improper. Plaintiff therefore respectfully requests that the Court deny Defendant' Motion in its entirety.

                                                        Respectfully submitted,
                                                        ***/s/ Joseph E. "Tripp" Watson, III***
                                                        Joseph E. "Tripp" Watson, III

                                                        ***/s/ Madison J. Thomas***
                                                        Madison J. Thomas

Attorneys for Studiorotan, LLC
Intellectual Property Consulting
2007 3rd Avenue N
Birmingham, AL 35203
205.545.7278
twatson@iplawconsulting.com
mthomas@iplawconsulting.com

## CERTIFICATE OF SERVICE

      I hereby certify that on Thursday, March 20, 2025, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record. A copy has also been mailed via U.S. Mail to the pro se Defendants at the following addresses:

M.O.V.E. Gulf Coast CDC
1177 Elmira Street
Mobile, Alabama 36604

Vickii J. Howell
1177 Elmira Street
Mobile, Alabama 36604

                                                ***/s/ Joseph E. "Tripp" Watson, III***