IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **STUDIOROTAN LLC** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **CASE NO. CV-2:25-CV-00020** |
| **VICKII J. HOWELL, and** ) | |
| **M.O.V.E. GULF COAST CDC** ) | |
| ) | |
|     **Defendants.** | |

**MOTION TO SET ASIDE DEFAULT**

Defendant M.O.V.E. Gulf Coast CDC ("M.O.V.E.") hereby moves to set aside the default entered by the Clerk of the Court on April 30, 2025 as per F.R.C.P. 55(c). Good cause exists to excuse the failure of M.O.V.E. to answer or otherwise respond to the complaint filed against it, and the Court should set aside the entry of default to allow the case to proceed on the merits.

1. **BACKGROUND**

On January 6, 2025, Studiorotan LLC ("Studiorotan") filed a complaint against Vickii J. Howell ("Howell") and M.O.V.E. On March 6, 2025, Howell and M.O.V.E. filed both an Answer (D.I. 3) and Motion to Dismiss (D.I. 4) the complaint. This answer and motion to dismiss were filed *pro se* by Howell in her capacity as President and CEO of M.O.V.E. However, because M.O.V.E. is a corporate entity, the Court accepted the filing of the answer and motion to dismiss only on behalf on Howell and ordered M.O.V.E. to answer or otherwise respond by March 28, 2025. (D.I. 7). On March 13, 2025, Studiorotan filed its executed summons with the Court. (D.I. 9). On March 28, 2025, Howell filed a request to extend the

deadline for M.O.V.E. to answer or otherwise respond May 2, 2025, so that M.O.V.E. could obtain sufficient unrestricted funds to hire counsel and respond to the complaint (D.I. 10). The Court granted M.O.V.E. an extension until April 21, 2025, to answer or otherwise respond to the complaint (D.I. 12). M.O.V.E. failed to respond to the complaint within this time period, and Studiorotan moved for entry of default on April 30, 2025 (D.I. 14). The Clerk entered default the same day (D.I. 15).

M.O.V.E. is a non-profit community development corporation that was organized to sustain and grow the human capital of under-served community members. M.O.V.E. focuses upon the development of economics, education, and environment of the communities it serves, particularly the Africatown community within Mobile, Alabama. As a non-profit community development corporation serving underserved areas, M.O.V.E. works with grants and donor funding that is often restricted and not available for use to defend legal proceedings initiated against M.O.V.E.

M.O.V.E. was unable to retain counsel to defend against the claims asserted by Studiorotan within the deadlines set forth by the Court because it did not have unrestricted funds available to retain counsel. *See* Declaration of Vickii J. Howell at ¶2 ("Howell Declaration" attached hereto as Exhibit A). On April 30, 2025, M.O.V.E. received funding allowing it to retain counsel. *Id.* at ¶2. M.O.V.E. engaged counsel on that date. *Id.* On May 2, 2025, retained counsel filed for admission to the Northern District of Alabama. On May 7, 2025, counsel was admitted to the Northern District of Alabama and filed a notice of appearance in this matter on behalf of Howell and M.O.V.E.

**II. ARGUMENT**

Federal Rule of Civil Procedure 55(c) allows a Court to set aside a clerk's entry of default "for good cause." Fed. R. Civ. P. 55(c). The decision to set aside a default is within the discretion of the Court. *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984). Defaults are not generally favored, and doubts should be resolved in favor of permitting a hearing on the merits. *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984).

The good cause standard to be applied in setting aside an entry of default under Rule 55(c) is more liberal than, and should not be confused with, the standard set out in Federal Rule of Civil Procedure 60(b) for setting aside a default judgment. In setting aside a default judgment, the courts apply an "excusable neglect" standard, which is more rigorous than the "good cause" standard that is utilized in setting aside an entry of default. *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988).

In applying the good cause standard, the Eleventh Circuit has recognized that while good cause "is not susceptible to a precise formula," there are several general guidelines for courts to use. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996). These factors include "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.* In addition, courts can consider whether the defaulting party acted quickly to correct the entry of default. *Id.* "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id.* at 951-52 (*citing Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194-95 (6th Cir. 1986)).

A.  **Culpable or Willful Deceit**

The entry of default was not caused by culpable of willful deceit on behalf of M.O.V.E. M.O.V.E. advised the Court that it did not have unrestricted funds available to hire counsel within the timeframe set forth by the Court. The Court clearly recognized M.O.V.E.'s financial situation when it filed a notice advising M.O.V.E. how to request *pro bono* counsel. (D.I. 16). Accordingly, M.O.V.E.'s actions were necessitated by its financial ability as a non-profit community development corporation and were not done in a culpable or willful manner.

### B. Prejudice to Plaintiff

Plaintiff will not be prejudiced by the Court setting aside the default. Plaintiff brought suit against both M.O.V.E. and its CEO/President Howell for her actions acting on behalf of M.O.V.E. Because Howell has already responded to the complaint with both an answer and motion to dismiss, Plaintiff has already been advised of Defendant's M.O.V.E.'s positions. In addition, Plaintiff has filed a response to Defendant's Howell's motion to dismiss that was originally improperly filed as a joint motion by Howell and M.O.V.E. Accordingly, Plaintiff's actions in the case would have been no different if default had not been entered.

### C. Defendant's Meritorious Defense

Howell, the President and CEO and M.O.V.E. has already answered and fully pled a meritorious defense that denies the allegations asserted by Plaintiff. (D.I. 3). In addition, Howell has filed a motion to dismiss (D.I. 4). Defendant Howell and M.O.V.E. expect to file an amended answer to more fully address the allegations brought by Plaintiff.

### D. Defendant's Actions After Entry of Default

Defendant M.O.V.E., upon entry of default, worked expeditiously to acquire funding to allow it to retain counsel and file a motion to set aside default.

### III. CONCLUSION

Because M.O.V.E. has shown that good cause exists, M.O.V.E. requests that the Court set aside its entry of default and allow the case to proceed forward on the merits.

Dated: May 8, 2025

By: /s/ Douglas. L. Bridges

Douglas L. Bridges (1974N06L)
453 Dauphin Street
Mobile, Alabama 36602
Phone: (251) 289-9787
doug@adamsiplaw.com

*Attorney for Vickii J. Howell*
and *M.O.V.E. Gulf Coast CDC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been provided electronically to all parties via ECF on May 8, 2025.

  /s/Douglas L. Bridges/

Douglas L. Bridges, Esq.

ADAMSIP, LLC

453 Dauphin Street

Mobile, AL, 36602

Tel:(251)289-9789

doug@adamsiplaw.com