In the United States District Court
for the Northern District of Alabama,
Southern Division

| | |
|---|---|
| Studiorotan LLC,<br>*Plaintiff,*<br><br>v.<br><br>Vickii J. Howell and<br>M.O.V.E. Gulf Coast CDC,<br>*Defendants.* | 2:25-cv-00020-GMB |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT

Plaintiff Studiorotan, LLC ("Plaintiff") hereby responds to Defendants' Motion to Set Aside Default.

## INTRODUCTION

Defendant M.O.V.E. Gulf Coast CDC ("M.O.V.E.") admits it ignored two court-imposed deadlines and allowed the Clerk's default to enter because it supposedly lacked "unrestricted funds" to hire counsel. That excuse cannot satisfy Rule 55(c)'s "good cause" standard. Courts have long held that a litigant's claimed financial hardship does not license disobedience of court orders or justify a self-help decision to default. Worse, M.O.V.E. continues to exploit Plaintiff's

copyrighted works and trademark, generating the very revenue it now uses to seek relief from its own default. The motion should be DENIED.

## ARGUMENT

**1. The default was willful.**

M.O.V.E. had actual notice of the lawsuit, obtained one extension, and then simply let the new deadline pass. "Lack of funds" to hire counsel is not an excuse; corporations must appear through licensed counsel or timely seek other relief.

Here, Defendants compounded their non-appearance by continuing to misappropriate Plaintiff's intellectual property, evidencing an intentional strategy: profit from infringement while delaying this litigation.

**2. Plaintiff will suffer concrete prejudice if the default is vacated.**

Plaintiff seeks injunctive relief to halt ongoing infringement and defamation. Every additional day of delay allows Defendants to (i) further infringe on Plaintiff's intellectual property rights, (ii) distribute unauthorized copies, and (iii) divert revenues that may never be recovered. Such continuing harm is precisely the prejudice Rule 55(c) contemplates.

## 3. M.O.V.E. proffers no meritorious defense.

The motion recites only generic denials and references a pending motion to dismiss filed by the individual defendant. It offers no facts rebutting Plaintiff's ownership of the copyrights and trademark, nor any affirmative defense to infringement. In fact, the Defendants admit that Plaintiff's claims are meritorious in their answer, for instance:

1. Defendants admit that they made changes to animations made by Plaintiff because they were "the paying customer." (Ans., Doc. 3, p. 4).

2. Defendants admit that they raised $200,000 specifically to pay to Plaintiffs, but then inexplicably never paid Plaintiff. (Ans., Doc. 3, p. 4).

3. Defendants admit that they continue to use Plaintiff's designs specifically in their fundraising efforts. (Ans., Doc. 3, p. 4-5).

These damning admissions from the Defendants underly the complete lack of meritorious defense and go on to highlight

## 4. Equitable considerations favor leaving the default in place.

M.O.V.E. ignored this Court's explicit warning that a corporate entity may appear only through counsel, yet made no meaningful effort to comply until after default entered. Courts routinely refuse to reward such gamesmanship. *Empire State Mills*, 696 F. Supp. at 888–89.

## CONCLUSION

Because Defendants' default was willful, because vacating it would prejudice Plaintiff by prolonging ongoing infringement, and because Defendants have not demonstrated a meritorious defense, the Motion to Set Aside Clerk's Entry of Default should be **DENIED**.

Respectfully submitted,
**/s/ Joseph E. "Tripp" Watson, III**
Joseph E. "Tripp" Watson, III

**/s/ Madison J. Thomas**
Madison J. Thomas

Attorneys for Studiorotan, LLC
Intellectual Property Consulting
2007 3rd Avenue N
Birmingham, AL 35203
205.545.7278
twatson@iplawconsulting.com
mthomas@iplawconsulting.com

## CERTIFICATE OF SERVICE

I hereby certify that on Thursday, May 15, 2025, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

Douglas L. Bridges
Attorney for Vickii J. Howell and M.O.V.E. Gulf Coast CDC
453 Dauphin Street, 2nd Floor
Mobile, Alabama 36602
Phone: (251) 289-9787
doug@adamsiplaw.com

/s/ Joseph E. "Tripp" Watson, III