UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STUDIOROTAN LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:25-cv-20-GMB |
| VICKII J. HOWELL, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Defendant M.O.V.E. Gulf Coast Community Development Corporation ("M.O.V.E.") has filed a motion asking the court to set aside the Clerk of Court's entry of default under Federal Rule of Civil Procedure 55(c) for M.O.V.E.'s failure to respond to the complaint. Doc. 19.  Plaintiff Studiorotan LLC filed an opposition to the motion. Doc. 23.  For the following reasons, the motion will be granted over Studiorotan's objection.

Under Rule 55(c), a court "may set aside an entry of default for good cause." As the defaulting party, M.O.V.E. bears the burden of establishing good cause. *See Afr. Meth. Epi. Ch., Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999).  Good cause is a mutable and liberal standard, "not susceptible to a precise formula." *Compania Interam. Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).  Although not "talismanic," relevant factors may

include "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id*.  Courts may look to other factors, such as "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id*.  Finally, the court should be mindful that the Eleventh Circuit generally views defaults with disfavor due to its "strong policy of determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

There is no evidence here that the default was culpable or willful.  A party "'willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings.'" *S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011) (quoting *Compania*, 88 F.3d at 951).  For example, "when 'a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful.'" *Id.* (quoting *Compania*, 88 F.3d at 952).  Here, there is no evidence that M.O.V.E. intentionally or recklessly disregarded the court's orders or the judicial proceedings.  Instead, Howell tried to appear *pro se* for M.O.V.E., then showed diligence in her attempts to secure counsel and seek deadline extensions once the court explained that she must retain an attorney for the corporate entity. *See* Docs. 3, 7 &11.  The record thus does not reflect a "sense of flaunting an intentional disrespect for the judicial process." *Compania*, 88 F.3d at 952.

The court also rejects Studiorotan's argument that it will be prejudiced if the court grants the motion. This inquiry is concerned with prejudice resulting from a delay in the proceedings, "'not from having to continue to litigate the case.'" *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018) (quoting *Conn. State Dental Assoc. v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009)). "There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Conn. State Dental Assoc. v. Anthem Health Plans, Inc.,* 591 F.3d 1337, 1357 (11th Cir. 2009). While there has been some delay here in retaining counsel on behalf of M.O.V.E, there is no suggestion that the delay caused any true prejudice like the loss of available evidence, increased difficulties for discovery, or increased opportunities for fraud and collusion. And counsel moved to set aside the default within one day of filing his notice of appearance.

Based on the lack of willfulness, absence of prejudice, and prompt corrective action once counsel appeared, the court finds that M.O.V.E. satisfied its burden to show good cause. For this reason, it is ORDERED that the Motion to Set Aside Default (Doc. 19) is GRANTED.

DONE and ORDERED on May 19, 2025.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE