In the United States District Court
for the Northern District of Alabama,
Southern Division

| | |
|---|---|
| **Studiorotan LLC,** *Plaintiff,* v. **Vickii J. Howell and M.O.V.E. Gulf Coast CDC,** *Defendants.* | Case 2:25-cv-00020-GMB |

# AFFIDAVIT IN SUPPORT FOR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

I, Renee Kemp Rotan, am the owner and CEO of Studiorotan LLC. As such, I have personal knowledge of the following and swear under penalty of perjury, that the following is true and correct to the best of my knowledge:

1. Studiorotan LLC ("Studiorotan") and M.O.V.E. Gulf Coast Community Development Corporation ("Move CDC") entered into a Contract for Services agreement ("Agreement") under which Studiorotan LLC would provide services as a Professional Competition Advisor in exchange for $100,000.

2. I am the owner of the following intellectual property registrations:

a. "The Africatown International Design Idea Competition Why A Competition and 7 Other Unpublished Works." with Copyright Registration Number: PAu004210458.

b. "Africatown Design Competition Poster 1" with Copyright Registration Number: VAu001521715.

c. "Africatown Design Competition Poster 2" with Copyright Registration Number: VAu001521718.

d. I have pending copyrights to a total of 16 design programs I developed relating to the Africatown Design Competition.

e. I have registered the word mark THE AFRICATOWN INTERNATIONAL DESIGN IDEA COMPETITION, registration number 98286050.

3. I developed and organized The Africatown International Design Competition (the "Competition"), which involved programming four sites and 16 venues, drafting competition regulations, and securing sponsorships and funding from nonprofit organizations.

4. I leveraged my professional network to secure funding and partnerships that benefitted both the Competition and Move CDC.

5. The Competition successfully concluded on June 19, 2023.

6. As of that date, I had only received $44,300 in compensation, which was funded through sources that Studiorotan personally secured.

7. I made multiple efforts – both personally and through legal counsel – to contact Move CDC and negotiate a payment plan. Move CDC responded in writing, refusing to pay the remaining balance unless I waived my rights to my intellectual property.

8. Several individuals I recruited for the Competition, including speakers and competition jury members, informed me that Move CDC failed to pay them as promised. These actions damaged my professional relationships.

9. It was around this time, the Competition Coordinator for Move CDC, Vickii Howell ("Howell") claimed that the intellectual property I created for the Competition belonged to Move CDC – contrary to our original understanding.

10. Following the Competition, Howell began to interfere with and undermine my professional reputation and relationships, which I had cultivated over many years.

11. Howell made and disseminated false and defamatory statements within the nonprofit community, including but not limited to:

   a. A memo titled "Dear Gentlemen" sent to potential funders, which misrepresented Studiorotan's role and falsely claimed that I was merely a paid contractor – not a partner – in order to reassign herself as the official spokesperson to the World Monuments Fund ("WMF");

   b. A letter to two Clotilda descendants encouraging them to disrupt a Studiorotan lecture at the University of Pennsylvania;

   c. A false allegation to the WMF's U.S. Director / Watch that I assaulted her during a MOVE CDC Board Meeting, which did not occur;

   d. Repeated defamatory claims to the WMF's U.S. Director / Watch, which led to the disbanding of the associated advocacy group and halted Africatown's WMF designation process;

   e. Disseminating false and defamatory statements about me personally to Africatown descendants and stakeholders;

   f. Unauthorized alterations of a Studiorotan animation, which was then presented at a Netflix event and misrepresented as the work of Move CDC.

12. Howell's employer, Move CDC board, did nothing to admonish Howell in the above statements.

13. Move CDC has further:

    a. Failed to match a National Endowment for the Arts grant that Studiorotan secured for it;

    b. Used Studiorotan's competition materials and reputation to pitch a $150,000 grant from the Mellon Foundation;

    c. Failed to pay the remaining $55,700 owed to Studiorotan for services rendered and other ancillary costs.

14. Despite repeated outreach, Move CDC has not responded regarding Howell's conduct, or the outstanding payment owed to me.

15. Furthermore, Studiorotan drafted, submitted, and successfully obtained a $25,000 grant through the National Endowment for the Arts, the approval of which Howell concealed and withheld. She also failed to compensate

Studiorotan for its services in securing the grant:



16. To this day I have not been fully compensated for my work, and my professional reputation has suffered due to Move CDC's actions and those of its employee.

17. Unless restrained by this Court, Howell, in her individual capacity, and Move CDC, through Howell and others affiliated with that entity, will continue to misappropriate Studiorotan's copyrighted works and defame both me and my company.

_____
Renee Kemp Rotan, Affiant

The State of Alabama   }

Jefferson County   }

Candricka LaShun Sutton
Notary Public, Alabama State At Large
My Commission Expires December 14, 2026

I, _____, a Notary Public, do hereby certify that Renee Kemp Rotan, whose name is signed to the foregoing affidavit, and who is known to me, acknowledged before me on this day that, being informed of the contents of the above, she executed the same voluntarily on the day therein. Given under my hand this 30th day of April, 2025.

[Affix Seal Here]                _____
                                 Notary Public