

## In the United States District Court
## for the Northern District of Alabama Southern Division
### "Objection to Motion to Withdraw" 3/30/26
### CASE 2:25-cv-00020-GMB

**Studiorotan LLC Plaintiff v. Vickii J. Howell and M.O.V.E. Gulf Coast CDC Defendants** Page 1

**Studiorotan response to Motion to Withdraw from Tripp Watson/Intellectual Property Consulting, L.L.C.**

<u>**Grounds for Objection: This withdrawal should not be permitted as it would cause undue delay or prejudice to my case.**</u>

**1/Written Agreement.**

- **Client:** <u>Though, I never signed a contract with the legal firm **IPC L.L.C.,**</u> I previously paid $5,000 into trust, which was fully exhausted by January 2025. The firm states that "their engagement contemplated an evergreen retainer, but the retainer was never replenished. Since that time, we have continued working without any trust balance in place."

- **Attorney's Agreement:** In lieu of the contract not being signed, we ( Attorney and Client) then **agreed through the firm's billing office, with me as the client, paying every month in the amount of $700 a month. I increased that amount to $750** a month. In December 2025, I got notice from attorney that my current balance was **$39,220.99.**

**2/ Cost Estimates/Cost Accruals: Cost Ambiguities:**

- **Client:** I complained that costs (almost $40 K) were exorbitant. <u>**The original court case was to secure $50K owed to me on a major design project.**</u> Had I known the cost of each legal step or been given an estimate, I could have better ascertained best steps to continue on a limited legal budget. ( I am a senior citizen with almost **$90 K in debt as regards legal issues)** When I complained that my attorney never gave me any monthly cost estimates prior to billing, he stated:

- **Attorney's Statement:** "You never requested advance cost estimates for specific actions before we undertook them. We would have been glad to provide that information had you asked. Raising it now, after the fact, does not alter the fees actually incurred."

- **Client:** Indeed, I did receive legal services, I made payments toward the balance, and I engaged in an installment arrangement through the attorneys billing office as agreed. However, every month I got sticker shock and was never asked about my budget or what I could reasonably afford going forward.

### 3/ Attorney's Options for withdrawal from case

By December 2025, My attorney offered 2 options for going forward with this case:

- **Option1: Withdrawal from Representation**
  Where I (client) would remain responsible for all fees incurred to date, but no additional fees will accrue. And where firm will agree to accept $750 per month until the outstanding balance is paid in full.

- **And Option 2: Continue Representation Under New Terms**
  We will continue representing you only if all of the following occur:
  Execution of a new retainer agreement
  Enrollment in automatic ACH payments
  A minimum payment of $5,000 per month, beginning immediately
  These terms are not negotiable and are the minimum required for us to proceed responsibly.

**Client:** I wrote to my attorney that I could not possible pay $5000 a month every month, until the time of some unknown/unscheduled jury trial, **thus Option 1 was my only recourse.** To wit my attorney stated and I quote:

**4/Attorneys Lien. Attorney's Statement:** "Because there is a significant outstanding balance owed, the firm will be asserting an <u>attorney's lien on the file</u> as permitted by law."

**Client:** My agreement therefore was for **Option1** above ( $750 a month until full balance is pad) . But I then questioned the attorney's threat of a lien on the unpaid balance, and then questioned its ability of a lien on my files to prejudice my case going forward,

**Attorney stated** :"You are correct that an attorney's lien will attach to your file. This is not punitive. It is a common remedy for lawyers who has not been paid and are withdrawing from representation. I have a right to retain my work product until the outstanding balance is paid. Since I have not been paid, I am entitled to withhold my work."

### 5/The Problem

**Delays:**

**Attorney Statement:** "The current discovery deadline is March 22, 2026. To avoid prejudicing your case, I need to file any motion to withdraw no later than January 23, 2026."
**Client :**The Case already prejudiced as Attorneys Motion to withdraw awas not filed until March 17. 2026

**The Costs/The Billing Options:**

**Client: I am a senior citizen in a fixed income. And the added $5000 a month is more than my Social Security payments. My only option was to agree to Option 1 with the continued payment of $750 a month until the full balance is paid.**

**The Lien:**

<u>I object to my attorney's punitive method of withdrawal</u> because I could not afford Option2 above, ( to pay almost $40 K in full) and that now apparently includes the lien on my files going forward.

### 6/The Solution

I am asking the court to rule that my Attorney accept the **Option 1: $750 as he suggested until the full balance owed is paid,** so I can attempt to **afford to find and hire another attorney** to finish this case via a court endorsed **extension request**. At present I have been to several firms and attorneys and have not yet found legal representation. One firm said that the time for discovery March 22, 2026 was too short a notice to prepare for Discovery. I have been to Alabama Legal Fund, the Bar Association

I Renee Kemp-Rotan respectfully submit this request for objection to withdraw to the court for **Case 2:25-CV-00020-GMB**

I can be reached at:

*Renee Kemp-Rotan*

**Renee Kemp-Rotan**
**CEO studiorotan**
**5739 9th Avenue S**
**Birmingham Alabama 35212**
**205 253 1165**

**See memo dated 12/12/2025 attached. See page 2 yellow highlight**

**Additionally, my attorney filed motion to withdraw on March 17, 2026. Giving me 14 days to object. But in meantime, he also stated through memo that I have until April 1, 2026 to pay him in full or a lien will be placed. Please note that I am filing this objection to withdrawal with the court on March 30,2026—which gives the court no time to weigh in on my options.**

Outlook

## RE: A reminder from Intellectual Property Consulting, LLC

**From** Taylor Hernandez <thernandez@iplawconsulting.com>
**Date** Thu 3/27/2025 1:48 PM
**To** Renee Kemp Rotan <rkemprotan1@outlook.com>
**Cc** Candricka Sutton <csutton@iplawconsulting.com>; Tripp Watson <twatson@iplawconsulting.com>

Good Afternoon,

Thank you for speaking with me today. As discussed, you may use the link below to make a payment on the first of every month in the amount of $700. If you have any issues with the link, please let me know.

Best,

Taylor A. Hernandez | Legal Administrator

Intellectual Property Consulting, L.L.C.
400 Poydras Street, Suite 1400 | New Orleans, LA 70130
   504-322-7166    504-322-7184

**From:** Renee Kemp Rotan <rkemprotan1@outlook.com>
**Sent:** Thursday, March 27, 2025 10:11 AM
**To:** Taylor Hernandez <thernandez@iplawconsulting.com>; Candricka Sutton <csutton@iplawconsulting.com>; Tripp Watson <twatson@iplawconsulting.com>
**Subject:** Re: A reminder from Intellectual Property Consulting, LLC

I just called your billing department and left a message regarding my request to Tripp Watson for a payment plan that I discussed last week with Candrika Sutton his assistant. Please call me today to work out payment plan
Thnx
Renee Kemp Rotan
205 253 1165

Get

**From:** Taylor Hernandez <thernandez@iplawconsulting.com>
**Sent:** Wednesday, March 26, 2025 10:22:38 PM

See page 2

 Outlook

## Final Notice Regarding Our Representation and Outstanding Balance

**From** Tripp Watson <twatson@iplawconsulting.com>

**Date** Fri 12/12/2025 10:34 AM

**To** Renee Kemp Rotan <rkemprotan1@outlook.com>

**Cc** Candricka Sutton <csutton@iplawconsulting.com>; billing iplawconsulting <billing@iplawconsulting.com>

Renee,

I am writing to formally address the status of our representation of you individually and Studiorotan, LLC, and to set clear expectations for how this matter will proceed. I have heard nothing from opposing counsel, and Howell/MOVE seem content to continue to ignore this case.

As of today, the outstanding balance owed to our firm is **$39,220.99**. The oldest invoice is **more than seven months past due**. We raised these same concerns with you in September, and despite those discussions, nothing material has changed other than the continued accrual of fees.

You previously paid $5,000 into trust, which was fully exhausted by January 2025. Our engagement contemplated an evergreen retainer, but the retainer was never replenished. Since that time, we have continued working without any trust balance in place.

There are several additional issues that require some candor:

First, to move this case forward in a meaningful way, we must complete substantive discovery and prepare and file a Motion for Summary Judgment. In plain terms, this is a request that the court rule in our favor based on the evidence, without the need for a trial. These motions are labor-intensive, evidence-heavy, and expensive. They require sustained preparation, timely client cooperation, and reliable funding. Given the balance of past-due invoices and past difficulties, continuing down this path without a clear and enforceable plan is not workable.

Second, the opposing parties appear content to let this matter linger. I cannot force them to engage or settle. Even assuming success on liability, there is a real risk that MOVE or Ms. Howell could seek bankruptcy protection, which could substantially impair or eliminate your ability to collect on any judgment.

Third, although we have continued to work in good faith, we are not obligated to continue under these circumstances, and under the terms of our engagement and applicable rules, we could withdraw immediately. We have not done so because we believe you have a strong case on liability and because we have tried to be flexible. That flexibility has now been exhausted.

At this point, there are only two paths forward:

## Option 1: Withdrawal from Representation

We will move to withdraw as counsel for both you and Studiorotan, LLC. You will remain responsible for all fees incurred to date, but no additional fees will accrue. We will agree to accept $750 per month until the outstanding balance is paid in full.


## Option 2: Continue Representation Under New Terms

We will continue representing you only if all of the following occur:

- Execution of a new retainer agreement

- Enrollment in automatic ACH payments

- A minimum payment of $5,000 per month, beginning immediately


These terms are not negotiable and are the minimum required for us to proceed responsibly.

We need a **clear plan of action no later than December 21**. If we do not have a confirmed decision and, if applicable, the necessary agreements and payment arrangements in place by that date, we will **notice our withdrawal before the end of the year**.

I hate that it has come to this, but I have invested a significant amount of my time, effort, and money to get this case to this point, and I cannot continue without a concrete plan moving forward.


Thanks,

Tripp

**Sunday Feb 8. 2026/AFRICATOWN INTERNATIONAL DESIGN IDEA COMPETITION PAYMENT**

Dear Tripp

I received your email late last night.

And I ask that we each take a deep breath before you file a **WITHDRAWAL of my case, as your letter states that this WITHDRAWAL would also be tied to an ATTORNEY'S LIEN on my files**-so that you could be PAID monies owed. This was shocking and seemed punitive on your part-as I still have concerns that have not been fully resolved. <u>**Your series of WITHDRAWAL actions without ACCESS TO MY FILES would in effect prohibit me from seeking other counsel, as even more fees would need to be paid on top of the excessive fees I have experienced with your firm.**</u>

I believe that **WE, you and I need to come back <u>to the table in a more equitable and reasonable fashion. This is not the time for you to walk away from this case without consequences for both of us.</u>**

<u>**Please look at this from my point of view.**</u>

1.  <u>**With a lien on the files**</u>-it would leave me dangling in the wind without the possibility of hiring another counsel-until you are paid in full???.
2.  <u>**The $5K a month you suggested to go forward to a Summary Judgement in 3 months or same price for month a Jury Trial in October 2026 is excessive and beyond reasonable**</u> for me in effort to secure the $57,500 plus that is owed to me by Howell and her Board.
3.  <u>**I am suggesting that before you file for the Withdrawal that WE come together to pursue Negotiation**</u>, as you reach back out to Vicki's atty to help negotiate a reasonable conclusion in this matter of limited dollar claim-debt collection within the next 2-3 months, even if it is short of a full litigation on your part. **For this Negotiation I would be willing to pay $1500 a month over the next 3 months.** And further suggest that we come to more reasonable terms regarding what is still owed to you--approximately $40K-almot the amount of Howell's debt to me.
4.  <u>**I did not ever have a signed CONTRACT with you, thus no**</u> clearly outlined conditions or billing practices for extent and duration your legal services...I got sticker shock each month...yet worked out an Installment Payment Plan of $750 a month thru your firms Finance Office.
5.  While we conceptually agreed on legal strategy- such as going to Mediation and then onward to a Request for an Injunction, real guesstimates of billing hours or costs were never fully shared with me before each action.
6.  <u>**Tripp, I believe that mistakes were made on both sides.**</u> In retrospect I should have accepted the Mediation for payment, forgone payment of the jurors since I did not have a contract with them and wrangled with the intellectual property document that had already "published".- if deemed appropriate by Library of Congress. The defamation should not have gone the injunction hearing-only because the evidence for that claim needed to come from World Monuments Fund Leadership and we were not prepared to present that material at the Injunction as the Judge requested...
7.  <u>**Also, Howell was not called to the stand to be asked as to WHY she had not paid me and WHEN she was planning to pay me for the Record.,**</u> nor was the 4rd leg of the injunction requirements, namely "irreparable harm or urgency" met by our side...

I believe that are other ways to resolve this matter more fairly that would be to the best benefit of all involved. Through a direct talk with Howells Attorney asking what deal is NOW on the table since the last Mediation offer, needs to be revisited again by letter and by phone. It seems since some of the jurors have been paid; it is now time to negotiate a FINAL conclusion about Howell's UNDISPUTED PAYMENT to me (plus residuals), <u>so that you and I both might get paid</u>. This is about a debt that must be collected from her-- for my work she is still using...

It is not fair that in seeking a debt collection from Howell of $50K+ that your fees should encompass that entire amount in legal fees. This is not rational to me nor was it ever suggested that my monthly bills would be itemized after the fact WITHOUT dialogue or my monthly approval as to costs-ahead of time-- I feel blindsided by these costs.

**Tripp, please let's take a step back as I need your help to bring this to debt collection case to closure.** Please let's discuss bringing Vickii back to the table BEFORE YOU FILE A MOTION TO WITHDRAW-which would remove her willingness to negotiate. This is an olive branch to you to contact her atty to see what can be done to end this dispute in a reasonable matter.

<u>During Mediation-Howell stated she had funds for payment via a "death estate"</u>. That should be revisited through conversations with her atty. <u>**This is not the time to walk a way and leave me dangling with no recourse and only a substantial legal bill—without resolution**</u>.

The money that Howel owes me is not is dispute and it is a limited claim with a base of $57,500 plus late fees and incidentals.

**AT THIS MOMENT**

**I seek a out of court NEGOTIATION REVISIT without pursuit sf a SUMMARY JUDGMENT which also might not be GUARANTEED to work in either of our favors**—PLUS IT COSTS ME MORE MONEY FROM MY RETIREE'S FIXED INCOME.

Please grant me the consideration to a NEGOTIATION with Howell that does not require Formal Mediation-. We just need to know what her DEAL is. AS **GROWN-UPS, you and I need to sit down and bring this all to a single REASONABLE FINAL STRATEGY AND CONCLUSION.** In an earlier memo you state that I had an option to pay you $5K a month to go forward or continue to pat you thru agreed installments of $750 -if I did not seek the Summary Judgment.

<u>**Let me know your viability BEFORE YOU FORMALLY WITHDRAW OR FILE AN ATTYS LIEN.**</u>

**Chrome://settings/searchEngines**

**Flights**

**D6b43479-9e71-47da-be6e-82c17be69fc0**

 need to talk so this does not go further downstream.

Sincerely

Renee Kemp-Rotan