In the United States District Court
for the Northern District of Alabama,
Southern Division

| | |
|---|---|
| **Studiorotan LLC,**<br>*Plaintiff,*<br><br>v.<br><br>**Vickii J. Howell and**<br>**M.O.V.E. Gulf Coast CDC,**<br>*Defendants.* | Case 2:25-CV-00020-GMB |

## RENEWED MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL AND TO EXTEND DEADLINES

COMES NOW undersigned counsel, pursuant to Doc. 24, § III.E, and respectfully renews the Motion to Withdraw as counsel of record for Plaintiff Studiorotan LLC (Doc. 51). The original motion was denied without prejudice pending the appearance of substitute counsel. *See* Doc. 52. For the reasons set forth below, and given developments since the filing of Doc. 51, renewed withdrawal is now more warranted than ever.

### I.    BACKGROUND

1.    Undersigned counsel has represented Studiorotan LLC in the above-styled matter since the initiation of this lawsuit.

2.    As set forth in the original Motion to Withdraw (Doc. 51), an irreconcilable breakdown of the attorney-client relationship has occurred, rendering continued representation impracticable.

3.     The original motion was denied on March 18, 2026, because a corporate entity may not proceed without licensed counsel. Doc. 52. The Court denied the motion with leave to refile after the appearance of substitute counsel.

4.     On March 30, 2026, Studiorotan's principal, Renee Kemp-Rotan, filed a *pro se* Objection to the withdrawal. Doc. 53. That filing was itself procedurally improper: as the Court acknowledged in its March 31, 2026, Order (Doc. 55), Kemp-Rotan is not a party to this action and cannot represent Studiorotan or speak on its behalf before the Court.

## II.     GROUNDS FOR RENEWED MOTION

### A.     Irreconcilable Breakdown of the Attorney-Client Relationship

5.     The breakdown of the attorney-client relationship is total and not susceptible to repair. While the financial dispute between undersigned counsel and the client is a contributing factor, it is not the sole basis for this motion.

6.     There exists a fundamental conflict of interest arising from the manner in which this litigation has been conducted that precludes continued representation. Undersigned counsel is constrained by the attorney-client privilege from disclosing the specific nature of that conflict. The Court is respectfully directed to review the client's Objection (Doc. 53) carefully, as certain representations made therein by the client may illuminate the nature of the conflict that counsel cannot affirmatively disclose.

7.     Undersigned counsel cannot in good conscience continue to represent a client whose positions, expectations, and course of conduct have created a conflict that undermines counsel's ability to provide competent, loyal, and candid representation as required by the Alabama Rules of Professional Conduct. *See* Ala. R. Prof. Conduct 1.7; 1.16(b)(3), (4), and (5).

**B.     The Client Has Been Advised of the Need for Substitute Counsel for Months and Has Failed to Act**

8.     The client has been on notice of the need for substitute counsel far longer than the timeline of this motion suggests. Undersigned counsel advised the client well before the filing of the original motion and as early as September 2025, that, because Studiorotan is a legal entity, it cannot proceed *pro se* and must retain licensed counsel to pursue this action. That advice was repeated on multiple occasions.

9.     The client has been unambiguously advised that if this motion is granted and no substitute counsel appears, dismissal of Studiorotan's claims is a likely consequence. The client has acknowledged this risk and yet, as of the date of this filing, no substitute counsel has appeared.

10.     The client's Objection (Doc. 53) acknowledges that the client has contacted multiple firms and the Alabama Legal Fund without securing representation. While counsel is sympathetic to the client's financial circumstances, these circumstances do not relieve Studiorotan of its obligation to retain licensed counsel, and they do not obligate undersigned counsel to continue representation under conditions that have rendered that representation impracticable and conflicted.

11.     The client has had months to address the substitute counsel issue. The delay is not attributable to any failure on the part of undersigned counsel. Continued denial of withdrawal under these circumstances effectively forces undersigned counsel to remain tethered to a matter where the attorney-client relationship has irretrievably broken down and a conflict of interest exists.

**C.    The Client's Refusal to Consent to Dismissal Leaves Withdrawal as the Only Viable Path**

12.    Undersigned counsel has explored every practical alternative to a contested withdrawal, including resolving the matter through voluntary dismissal without prejudice so that the client could re-file if and when substitute counsel is retained. The client has explicitly rejected a voluntary dismissal.

13.    The client's refusal to consent to dismissal, combined with the client's inability or unwillingness to retain substitute counsel, creates an untenable situation: undersigned counsel is prevented from exiting the representation by the client's veto, yet cannot ethically continue it. Withdrawal is the only procedurally available path forward.

**III.    REQUEST FOR EXTENSION OF DEADLINES**

14.    Undersigned counsel respectfully requests that, upon granting this motion, the Court extend all remaining case deadlines and hearings by sixty (60) days. A sixty-day extension is a reasonable and targeted window within which Studiorotan must either obtain substitute counsel or face the procedural consequences of its failure to do so.

16.    The extension will not prejudice Defendants, who have been passive throughout this litigation and have not been shown to have any urgent interest in advancing the current deadlines.

17.    Undersigned counsel further requests that the Court make clear in any Order granting this motion that if no substitute counsel files an appearance within sixty (60) days of the Order, Studiorotan's claims are subject to dismissal for failure to prosecute, with no further extensions absent extraordinary cause.

## IV.  COMPLIANCE WITH LOCAL RULES

18.  Pursuant to Doc. 24, § III.E, undersigned counsel certifies that a copy of this Renewed Motion has been served upon the client at the address set forth below, and that the client has been informed of its right to file an objection with the Court within fourteen (14) days of the date of notification.

19.  The client's complete contact information is as follows:

<div align="center">

**Studiorotan LLC**
Renee Kemp-Rotan, CEO
5739 9th Avenue S
Birmingham, AL 35212
Rkemprotan1@outlook.com

</div>

WHEREFORE, undersigned counsel respectfully requests that the Court: (1) grant this Renewed Motion to Withdraw; (2) extend all remaining case deadlines by sixty (60) days to permit Studiorotan to retain substitute counsel; and (3) advise Studiorotan that failure to retain and produce substitute counsel within sixty (60) days will subject this action to dismissal for failure to prosecute.

<div style="margin-left:50%">

Respectfully submitted,
***/s/ Joseph E. "Tripp" Watson, III***
Madison Thomas
twatson@iplawconsulting.com

***/s/ Madison J. Thomas***
Madison J. Thomas
mthomas@iplawconsulting.com
*Attorneys for Plaintiff*

</div>

*Of Counsel*
Intellectual Property Consulting
2007 3rd Avenue North
Birmingham, AL 35203
205.545.7278

# CERTIFICATE OF SERVICE

I certify that on Tuesday, March 31, 2026, I served a copy of this document on the parties listed below by Electronic Filing and electronic mail:

Douglas L. Bridges
*Attorney for Defendants*
453 Dauphin Street
Mobile, Alabama 36602
doug@adamsiplaw.com

StudioRotan LLC
5739 9th Avenue S
Birmingham, AL 35212
Rkemprotan1@outlook.com

**/s/ Joseph E. "Tripp" Watson, III**

**/s/ Madison J. Thomas**