**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| STUDIOROTAN LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:25-cv-00020-GMB |
| VICKII J. HOWELL and M.O.V.E.) | | |
| GULF COAST CDC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR EXTENSION OF ALL REMAINING CASE DEADLINES

COMES NOW Plaintiff Studiorotan LLC, by and through undersigned substitute counsel Gerard Truesdell, and respectfully moves this Court for an extension of all remaining case deadlines by sixty (60) days, and in support thereof states as follows:

## I. BACKGROUND

1. This matter was initiated on January 6, 2025, when Plaintiff Studiorotan LLC filed its Complaint against Defendants Vickii J. Howell and M.O.V.E. Gulf Coast Community Development Corporation, alleging copyright infringement, breach of contract, unjust enrichment, tortious interference, and defamation arising from Defendants' unauthorized use of Plaintiff's intellectual property and failure to pay amounts owed under the parties' agreement.

2. Plaintiff has been represented throughout this litigation by Joseph E. Watson III and Madison J. Thomas of Intellectual Property Consulting, LLC. Prior counsel filed a Motion to Withdraw on March 17, 2026, citing an irreconcilable breakdown of the attorney-client relationship.

3. This Court denied the original motion to withdraw on March 18, 2026 (Doc. 52) because a corporate entity cannot represent itself, and denied it again without prejudice pending the appearance of substitute counsel. The Court expressly stated in its March 31, 2026 Order (Doc. 55) that it would consider any motion to extend deadlines filed by current or substitute counsel.

4. Prior counsel's Renewed Motion to Withdraw (Doc. 56), filed March 31, 2026, remains pending before the Court.

5. On April 30, 2026, undersigned counsel entered his appearance as substitute counsel of record for Plaintiff Studiorotan LLC (Doc. 60).

6. The discovery deadline in this matter was March 22, 2026. Due to the protracted withdrawal dispute and the transition to substitute counsel, Plaintiff was without effective legal representation during the critical period immediately preceding and following that deadline.

## II. ARGUMENT

7. Federal Rule of Civil Procedure 6(b) permits the Court to extend deadlines for good cause. Good cause exists here.

8. The breakdown of the prior attorney-client relationship, prior counsel's repeated motions to withdraw beginning in early 2026, and the resulting period during which Plaintiff had no effective legal representation constitute good cause for an extension of all remaining deadlines. Plaintiff has acted diligently in securing substitute counsel as quickly as reasonably possible, given its financial circumstances, which were themselves a contributing factor in the attorney-client breakdown.

9. Substitute counsel has just entered his appearance and requires a reasonable period of time to review the complete case file, assess the state of discovery, and prepare Plaintiff's case for further proceedings. Undersigned counsel cannot responsibly advance this matter without first obtaining and reviewing the full case record, including all discovery exchanged, all pending motions, and all prior rulings.

10. A sixty-day extension of all remaining deadlines will not prejudice Defendants. Prior counsel's Renewed Motion to Withdraw noted that Defendants have been passive throughout this litigation and have no demonstrated urgent interest in advancing the current deadlines. Defendants will suffer no harm from a reasonable extension that allows this case to proceed on the merits.

11. Denial of this extension, by contrast, would severely prejudice Plaintiff. Without an extension, Plaintiff risks dismissal of its claims for failure to prosecute through no fault of its own, but rather as a direct consequence of

the attorney-client breakdown that this Court has already acknowledged in its prior orders. Such a result would be manifestly unjust given the merits of Plaintiff's claims and the documented record of Defendants' conduct.

12. This Court has already signaled its willingness to consider such relief from substitute counsel. See Doc. 55 ("The court will consider any renewed motion to extend the deadlines filed by current or substitute counsel."). Undersigned counsel respectfully submits that this motion is precisely what the Court contemplated.

## III. RELIEF REQUESTED

WHEREFORE, Plaintiff Studiorotan LLC respectfully requests that this Court:

(1) Grant this Motion and extend all remaining case deadlines by sixty (60) days from the date of the Court's Order;

(2) Allow substitute counsel a reasonable period to obtain the complete case file from prior counsel and assess the state of discovery and all pending matters; and

(3) Grant such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ Gerard Lynn Truesdale
Gerard Lynn Truesdale, Esq.
Alabama State Bar No. 951710BT

Attorney Gerard L. Truesdale, PLLC
120 19th Street North, Suite 201
Birmingham, Alabama  35203
Direct: (205) 335-0072

Email: gerardt@attorneytruesdale.com

## CERTIFICATE OF SERVICE

I hereby certify that on 4/30/26, I caused a true and correct copy of the foregoing Notice of Appearance to be served upon the following via the Court's CM/ECF electronic filing system and/or electronic mail:

Douglas L. Bridges Attorney for Defendants 453 Dauphin Street Mobile, Alabama 36602 doug@adamsiplaw.com

Joseph E. "Tripp" Watson, III / Madison J. Thomas Intellectual Property Consulting 2007 3rd Avenue North Birmingham, Alabama 35203 twatson@iplawconsulting.com mthomas@iplawconsulting.com