FILED
2026 Jun-05 PM 04:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **STUDIOROTAN LLC,** | ) |
| | ) |
| **PLAINTIFF,** | )   **Case No. 2:25-cv-00020-GMB** |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **VICKI J. HOWELL and** | ) |
| **M.O.V.E. GULF COAST CDC,** | ) |
| | ) |
| **DEFENDANTS.** | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff Studiorotan LLC, by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4) for leave to file its First Amended Complaint. In support thereof, Plaintiff states as follows:

## INTRODUCTION

On June 4, 2026, counsel for Plaintiff filed a First Amended Complaint. Order of this Court struck that filing entered June 5, 2026 (Doc. 72) for failure to first seek leave of court as required by the Scheduling Order (Doc. 47). Plaintiff's counsel acknowledges that failure and sincerely apologizes to the Court for the procedural

error. Plaintiff now files this motion to cure that deficiency and respectfully requests leave to file the First Amended Complaint, attached hereto as Exhibit 1.

There is a good cause to permit the amendment. The First Amended Complaint adds claims and factual allegations based on newly discovered evidence obtained and developed after the original complaint was filed by prior counsel, including evidence of Defendants' unauthorized use of Plaintiff's intellectual property in federal grant applications, the economic coercion surrounding the parties' unexecuted Services Agreement, and Defendant Howell's personal use of Plaintiff's intellectual property and professional credentials to secure paid fellowships and personal financial opportunities without authorization, attribution, or compensation. The amendment will not prejudice Defendants, is not made in bad faith, and does not result in any undue delay.

## BACKGROUND

1. This action was originally filed on January 6, 2025, by prior counsel. Undersigned counsel entered an appearance on behalf of Plaintiff and has been diligently developing the factual and legal record in this case.

2. The Scheduling Order (Doc. 47) governs pretrial deadlines in this matter, including the deadline for amendment of pleadings, which has passed.

**3.** On June 4, 2026, undersigned counsel filed Plaintiff's First Amended Complaint (Doc. 71) without first seeking leave of court as required by Rule 16(b)(4) and the Scheduling Order. That filing was struck by Order entered June 5, 2026 (Doc. 72).

**4.** Plaintiff now seeks leave of court to file the First Amended Complaint that is attached hereto as Exhibit 1. The substance of the proposed amendment is identical to the stricken filing.

## ARGUMENT

### I. Good Cause Under Rule 16(b)(4) to Modify the Scheduling Order.

When, as here, the deadline for amending pleadings in the Scheduling Order has passed, a party seeking to amend must first demonstrate good cause under Federal Rule of Civil Procedure 16(b)(4).

Plaintiff has diligently pursued this case. The proposed amendments are based on evidence and legal theories that undersigned counsel has developed and refined since entering the case, including:

**a.** The formal Services Agreement drafted by Plaintiff's prior legal counsel in June 2023 and transmitted to Defendants for execution, which contains express intellectual property ownership provisions establishing Studiorotan's rights and

which Defendant Howell refused to execute specifically because she objected to those provisions;

**b.** Defendant Howell's August 2, 2023, written communication conditioning payment of Plaintiff's outstanding compensation on Plaintiff's agreement to surrender its intellectual property rights, evidence of economic coercion not fully developed in the original complaint;

**c.** Evidence that M.O.V.E. accepted a $25,000 National Endowment for the Arts grant award secured by Studiorotan's intellectual property and through Studiorotan's role as named Project Director and Primary Contact/Grants Administrator, while excluding Studiorotan from the award proceeds entirely and without notification;

**d.** Evidence that Defendant Howell used Studiorotan's intellectual property, professional credentials, and institutional relationships to secure personal paid fellowships and financial opportunities for her own benefit, without Studiorotan's authorization, attribution, or compensation;

**e.** Evidence that Defendant Howell tampered with Studiorotan's nine original promotional animations before distributing them to Participant and Netflix without Studiorotan's knowledge or consent, and that M.O.V.E.'s Board of

4

Directors received written notice of this conduct on November 2, 2022, and took no corrective action; and

**f.** Studiorotan's United States Trademark Registration No. 7701285, which issued February 25, 2025, after the original complaint was filed, and which supports Count VI for trademark infringement that is newly pleaded in the First Amended Complaint.

This evidence was either not available to prior counsel at the time of the original filing or was not fully developed and incorporated into the original complaint. The failure to seek leave was an inadvertent procedural error by undersigned counsel, not the product of dilatory tactics or bad faith. Good cause exists under Rule 16(b)(4).

### II. Leave Under Rule 15(a)(2).

Federal Rule of Civil Procedure 15(a)(2) provides that courts should freely give leave [to amend] when justice so requires.' The Supreme Court has identified the permissible grounds for denying leave as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility.

There is no undue delay. This case remains in active litigation. Defendant has filed counterclaims to which Studiorotan has responded. Discovery has not closed.

5

No trial date has been set. Any prejudice to Defendants can be addressed through the ordinary course of discovery.

There is no bad faith. The proposed amendment reflects the product of diligent investigation and is based on legitimate, independently documented evidence. The filing of the amended complaint without first seeking leave was an inadvertent procedural error by undersigned counsel, who entered this case after the original pleading deadline had passed and who did not have the benefit of a full review of the Scheduling Order before filing.

There is no prejudice to Defendants. The proposed First Amended Complaint does not introduce wholly new claims unrelated to the original litigation; it expands, refines, and substantiates the claims already at issue regarding the parties' dispute over the Africatown International Design Idea Competition, Plaintiff's intellectual property, and Defendants' nonpayment of amounts owed. Defendants have been on notice of the substance of these claims throughout this litigation.

Leave to amend is not futile. The First Amended Complaint states viable claims for copyright infringement, conversion, unjust enrichment, breach of contract, and trademark infringement supported by substantial documentary evidence, including the parties' own written communications.

6

## CONCLUSION

For the foregoing reasons, Plaintiff Studiorotan LLC respectfully requests that the Court grant leave to file the First Amended Complaint attached hereto as Exhibit 1, and direct the Clerk to file the same on the docket as Plaintiff's operative complaint.

Respectfully submitted,

**/s/ Gerard Lynn Truesdale**
**Gerard Lynn Truesdale, Esq.**
**Alabama State Bar No. 951710BT**
**Attorney Gerard L. Truesdale, PLLC**
**120 19th Street North, Suite 201, Birmingham, Alabama 35203**
**Direct: (205) 335-0072 | gerardt@attorneytruesdale.com**

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2026, a true and correct copy of the foregoing Motion for Leave to File First Amended Complaint was served upon all counsel of record via the Court's CM/ECF electronic filing system:

Douglas L. Bridges, Esq.
ADAMSIP, LLC
453 Dauphin Street, Mobile, Alabama 36602
doug@adamsiplaw.com

/s/ Gerard Lynn Truesdale
Gerard Lynn Truesdale, Esq.