FILED
2026 Jun-15 PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STUDIOROTAN LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-00020-GMB |
| | ) | |
| VICKII J. HOWELL, and | ) | JURY DEMANDED |
| M.O.V.E. GULF COAST CDC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendants Vickii J. Howell ("Howell") and M.O.V.E. Gulf Coast Community Development Corporation ("M.O.V.E.," together with Howell, "Defendants"), pursuant to the Court's text Order of June 5, 2026, respectfully submit this Response in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 73). The motion should be denied. Defendants did not consent to the proposed amendment, and they oppose it. Plaintiff failed to confer before filing, as both the Court's initial Order and the Court's text Order have now noted. More fundamentally, Plaintiff cannot satisfy the good-cause standard of Rule 16(b)(4) because every fact it characterizes as "newly discovered" has been in Plaintiff's own possession for years. And even if the Court reached Rule 15(a)(2), leave should be denied as the product of futility.

## I. INTRODUCTION

Plaintiff filed this action in January 2025. After the Court denied Plaintiff's motion for preliminary injunction (Doc. 50), and after the deadline to amend pleadings in the Scheduling Order (Doc. 47) had expired, Plaintiff filed a First Amended Complaint without leave (Doc. 71). The Court struck that filing (Doc. 72). Plaintiff now seeks leave to file the identical pleading, candidly admitting that "[t]he substance of the proposed amendment is identical to the stricken filing." Doc. 73 at 3, ¶ 4.

The proposed amendment is not a modest refinement. It abandons two of the five original claims (tortious interference and defamation), adds two entirely new claims (conversion and federal trademark infringement), substitutes copyright registrations never before mentioned in this case, and reverses the central factual premise of the original pleading, transforming the case from one founded on an "entered into" written "Contract for Services Agreement" (Doc. 1, ¶¶ 19, 26) into one that now concedes "[n]o written contract was executed" (Doc. 71, ¶ 7). Plaintiff offers no good cause for seeking these sweeping changes eighteen months into the litigation, and the amendments it proposes would not survive a motion to dismiss in any event.

## II. LEGAL STANDARD

Because Plaintiff seeks to amend after the Scheduling Order's deadline, its motion is governed first by Rule 16(b)(4), not Rule 15(a). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Eleventh Circuit has held that "where a party files an untimely motion to amend, [courts] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before Rule 15(a) is even considered. *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir.

1998). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* (cleaned up). If and only if good cause is shown does the court turn to Rule 15(a)(2), under which leave may be denied for undue delay, bad faith, repeated failure to cure, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003).

## III. ARGUMENT

### A. Plaintiff Failed to Confer as the Court's Orders Require.

The Court's initial Order requires that a motion indicates whether it is opposed or unopposed. Doc. 24 at 4. Plaintiff did not confer with Defendants and the motion is silent on the point — a deficiency the Court has already identified in its June 5 text Order. This is not the first procedural requirement Plaintiff has bypassed in connection with this very amendment: Plaintiff first filed the amended pleading with no leave at all (Doc. 71), requiring the Court to strike it (Doc. 72). To remove any doubt: Defendants were never asked for, and never gave, their consent to the proposed amendment, and they expressly oppose it. Had Plaintiff conferred, Defendants would have stated that opposition and the parties could have framed the dispute for the Court in the ordinary course. The repeated disregard of the Court's orders is itself a sufficient reason to deny the relief requested, and at minimum it undercuts Plaintiff's claim of diligence.

### B. Plaintiff Cannot Show Good Cause Under Rule 16(b)(4)

The good-cause inquiry "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418. The focus is on the movant's diligence; if the party "was not diligent, the [good cause] inquiry

should end." *See Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002). Plaintiff cannot meet that standard.

Every item of "newly discovered evidence" Plaintiff lists was in Plaintiff's own files long before the amendment deadline. Plaintiff identifies (a) the Services Agreement "drafted by Plaintiff's prior legal counsel in June 2023"; (b) Howell's "August 2, 2023, written communication"; (c) the $25,000 NEA grant; (d) Howell's alleged use of Plaintiff's credentials to obtain fellowships; (e) the alleged animation tampering, of which Plaintiff gave "written notice" to M.O.V.E.'s Board "on November 2, 2022"; and (f) Trademark Registration No. 7701285. Doc. 73 at 3–5. By Plaintiff's own account, items (a) and (b) were authored or received by Plaintiff in 2023, and item (e) was the subject of a complaint Plaintiff itself sent in 2022, years before this suit was filed. Evidence a party has possessed since before filing cannot be "newly discovered," and a litigant's knowledge of its own documents and its own communications is the antithesis of an excuse for delay.

The lone item postdating the original Complaint is the February 25, 2025 issuance of the trademark registration. But Plaintiff filed the underlying application on November 27, 2023, and Plaintiff moved for a preliminary injunction expressly invoking that mark (Doc. 28) which the Court denied in part because the Complaint "does not state a claim for trademark infringement, nor does it mention the mark." Doc. 50 at 9. Plaintiff thus knew of the mark, and of the pleading gap, no later than the preliminary-injunction briefing in 2025, yet waited until June 2026 to seek leave. That is not diligence.

Plaintiff's remaining justification that present counsel "entered this case after the original pleading deadline" and "did not have the benefit of a full review of the Scheduling Order before filing" (Doc. 73 at 6) does not establish good cause. A substitution of counsel does not reset Rule 16 deadlines. Were it otherwise, any party could defeat Rule 16 by changing lawyers. Because Plaintiff was not diligent, the good-cause inquiry ends here, and the motion should be denied without reaching Rule 15.

## IV. Even Under Rule 15(a)(2), Leave Should Be Denied.

Should the Court reach Rule 15(a)(2), leave should still be denied for futility. Leave should be denied as futile where the amended pleading "would still be subject to dismissal." *Hall*, 367 F.3d at 1263. Each major change Plaintiff proposes is independently deficient.

### A. Copyright Ownership and Standing

The original Complaint alleged that Renee Kemp-Rotan, not Studiorotan, "is the owner" of the three registrations and that "Rotan has granted a license to studio|rotan." Doc. 1, ¶¶ 58–61. A nonexclusive licensee lacks standing to sue for infringement under 17 U.S.C. § 501(b). The proposed amendment now asserts that Studiorotan is the "sole owner" (Doc. 71, ¶ 31), but pleads no written assignment from Kemp-Rotan to the LLC, as 17 U.S.C. § 204(a) requires. The Court's own findings confirm that "Kemp-Rotan applied for and received" the registrations. Doc. 50 at 4. The amendment does not cure the standing defect; it compounds it.

### B. Breach of Contract

The proposed Count V cannot rest on the contract the original Complaint described. The Complaint alleged the parties "entered into a Contract for Services

Agreement" and quoted its "Non-Circumvention" provision verbatim. Doc. 1, ¶¶ 19, 26. The proposed amendment concedes that "[n]o written contract was executed" (Doc. 71, ¶ 7) and retreats to an "express or implied" agreement and quantum meruit. A claim premised on quoted terms of a contract the pleader now admits never existed does not state a plausible breach claim, and the alternative theories fail to allege the definite terms and mutual assent Alabama law requires. This is true particularly where, by Plaintiff's own account, the parties never agreed on the disputed intellectual-property term.

**C. Copyright infringement (Counts I–II)**

Count I now rests on three registrations (PA0002454987–89) that have never appeared in this litigation and that, on information and belief, postdate both the alleged infringement and the original Complaint. Under 17 U.S.C. § 412, statutory damages and attorney's fees are unavailable for infringement that commenced before registration; every act of infringement Plaintiff alleges began before its January 2024 registrations. The amendment's prayer for statutory damages and fees is therefore unsupportable. Count II (animations) pleads no registration at all and is barred by 17 U.S.C. § 411(a). And the amendment is internally self-defeating: it alleges that "Studiorotan authorized M.O.V.E. to submit the Registered Works" to the NEA (Doc. 71, ¶ 32) — authorized use is licensed use, not infringement.

**D. Conversion (Count III)**

Alabama law limits conversion to specific, identifiable property. The claimed $55,700 fee is an unsegregated contract debt, not subject to conversion; "intellectual property," "credentials," "brand," and "relationships" are intangibles outside the tort; and the juror honoraria belong to third parties, not to Plaintiff. To the extent the claim rests on

use of copyrighted works, it is preempted by 17 U.S.C. § 301. The claim is futile on multiple independent grounds.

### E. Trademark infringement (Count VI)

A Section 1114 claim reaches only use of a registered mark after registration; Plaintiff's registration issued February 25, 2025, while the conduct it complains of — grant applications and communications — predates it. Plaintiff also fails to plead priority, alleging only first use "no earlier than 2018" (Doc. 71, ¶ 54), and seeks to bar M.O.V.E. from using the name of M.O.V.E.'s own competition, a name Plaintiff branded for M.O.V.E. and authorized M.O.V.E. to use for five years, raising fair-use and acquiescence defenses apparent on the face of the pleading.

## V. CONCLUSION

Plaintiff failed to confer, cannot show the diligence Rule 16(b)(4) demands, and proposes amendments that are untimely, prejudicial, and futile. Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 73), and grant such other relief as is just and proper.

Dated: June 15, 2026

Respectfully submitted,

/s/ Douglas L. Bridges
Douglas L. Bridges (1974N06L)
ADAMSIP, LLC
453 Dauphin Street
Mobile, Alabama 36602
Phone: (251) 289-9787
doug@adamsiplaw.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2026, a true and correct copy of the foregoing was served upon all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Douglas L. Bridges
Douglas L. Bridges