FILED
2026 Jun-24 PM 01:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STUDIOROTAN LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-20-GMB |
| | ) | |
| VICKII J. HOWELL, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

# ORDER

Plaintiff Studiorotan LLC has filed a Motion for Leave to File a First Amended Complaint and attached the proposed complaint. Doc. 73. Defendants Vickii J. Howell and M.O.V.E. Gulf Coast CDC oppose the motion. Doc. 75. The motion to amend will be denied.

## I. BACKGROUND

Studiorotan filed its original complaint on January 6, 2025, and asserted five claims against Howell and M.O.V.E. for (1) breach of contract, (2) copyright infringement, (3) unjust enrichment, (4) tortious interference with business relationships, and (5) defamation. Doc. 1. Howell answered the complaint for M.O.V.E. (Doc. 3), but the court ordered M.O.V.E. to retain a lawyer since a corporation must be represented by counsel. Doc. 7. Howell also moved to dismiss the complaint as stated against her (Doc. 4) and requested that the court transfer the

case to the Southern District of Alabama. Doc. 3 at 6.

Although the court gave M.O.V.E. an extension of its deadline to respond through counsel, it did not meet the extended deadline, so the Clerk of Court entered default on April 30, 2025. Docs. 12 & 15. One week later, counsel appeared on behalf of Howell and M.O.V.E. (Doc. 16) and filed a motion to set aside the default. Doc. 19. The court granted the motion, set aside the entry of default, and ordered counsel to notify the court if he wished to proceed on the motions to dismiss and transfer. Docs. 25 & 26. The court also reminded the parties of their obligations under Federal Rule of Civil Procedure 26. Doc. 27.

In the interim, Studiorotan filed a motion for preliminary injunction. Doc. 28. Howell withdrew her motion to dismiss and request to transfer the case (Doc. 30), so the court ordered Howell and M.O.V.E. to respond to the complaint. Doc. 32. Howell and M.O.V.E. then filed an opposition to the motion for preliminary injunction. Doc. 33. After Howell and M.O.V.E. answered the complaint (Doc. 38), the court set the motion for preliminary injunction for an evidentiary hearing. Doc. 37.

After the court again reminded the parties of their Rule 26 obligations, they filed a Rule 26 report of their planning meeting. Docs. 39 & 40. The parties then moved to postpone the evidentiary hearing on the motion for preliminary injunction and asked the court to appoint another magistrate judge to mediate their dispute.

Doc. 41. Mediation was not successful, so the court reset the evidentiary hearing for September 9, 2025, and entered a scheduling order on the day of the hearing. Docs. 46 & 47. The scheduling order set a deadline of September 22, 2025, for Studiorotan to add causes of actions, defenses, and parties, and a discovery deadline of March 22, 2026. Doc. 47 at 1 & 2.

After the evidentiary hearing, the court denied the motion for preliminary injunction. Doc. 50. More than five months later and just five days before the expiration of the discovery deadline, counsel for Studiorotan filed a motion to withdraw and requested a 60-day extension of all deadlines. Doc. 51. The court denied the motion because a corporate entity cannot appear *pro se* and denied the motion to extend deadlines with leave to refile after the appearance of new counsel. Doc. 52. A few weeks later, however, the court extended the discovery deadline to June 1. Doc. 57. New counsel appeared on April 30, and the court permitted former counsel to withdraw. Docs. 60 & 65.

Then, on May 12, Howell and M.O.V.E. filed an unopposed motion to file an amended complaint and to add counterclaims for (1) declaratory judgment under the Copyright Act and 28 U.S.C. § 2201, (2) cancellation of trademark registration, (3) fraudulent trademark registration, (4) false designation of origin and unfair competition, (5) breach of fiduciary duty, (6) tortious interference with business relationships, and (7) slander of title. Doc. 64. Notably, although the discovery

deadline was approaching, the motion represented that Studiorotan has not engaged in any discovery in this case: "No depositions have been taken, no written discovery has been served by Plaintiff on Defendants." Doc. 64 at 2. Because Studiorotan did not oppose the motion, the court granted it (Doc. 66), and Howell and M.O.V.E. filed their Amended Answer and Counterclaims on May 14. Doc. 67.

Approximately two weeks after new counsel appeared, Studiorotan filed a motion to extend all remaining deadlines by 60 days, which the court granted. Docs. 68 & 69. The court extended the discovery deadline to July 31, 2026, and the dispositive motions deadline to September 28, 2026. Doc. 69. Studiorotan did not request the extension of any expired deadlines, including the one for amending pleadings. Three weeks later, Studiorotan filed the pending motion to amend its complaint. Doc. 73. The proposed amended complaint makes several substantive changes to the original complaint, including (1) omitting the claims for tortious interference and defamation, (2) adding claims for conversion and federal trademark infringement, (3) including new copyright registrations, and (4) amending key facts in the original complaint. *Compare* Doc. 1, *with* Doc. 73-1. Howell and M.O.V.E. oppose the request to amend. Doc. 75.

## II. DISCUSSION

Generally, a party may amend its pleadings "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when

justice so requires." Fed. R. Civ. P. 15(a)(2). But in civil cases, a district court should issue a scheduling order fixing the time to amend the pleadings, and a party must demonstrate good cause for seeking leave to amend its complaint after the deadline in the scheduling order. *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009); *see also* Fed. R. Civ. P. 16(b)(4) (allowing for modification of a schedule "only for good cause and with the judge's consent"). A lack of diligence in pursuing a claim generally negates a showing of good cause. *See S. Grouts & Mortars, Inc.*, 575 F.3d at 1241. "Once good cause is shown under Rule 16, the court determines whether leave should be granted under Rule 15(a)." *Sullivan v. Govt. Emps. Ins. Co.*, 2018 WL 6267352, at *3 (M.D. Fla. Nov. 30, 2018) (quotation marks and citation omitted).

**A. New Claims**

The scheduling order states that "[n]o causes of action, defenses, or parties may be added after 9/22/2025 as to" Studiorotan. Doc. 47 at 1. Studiorotan, however, now seeks to add two additional claims—conversion and federal trademark infringement—more than eight months after the expiration of this deadline. Studiorotan argues that its new counsel "entered this case after the original pleading deadline" such that he "did not have the benefit of a full review of the Scheduling Order before filing." Doc. 73 at 6. It also argues that the "evidence was either not available to prior counsel at the time of the original filing or was not fully

developed and incorporated into the original complaint." Doc. 73 at 5. Neither argument is persuasive.

Because the motion to amend would add new claims after the expiration of the deadline in the scheduling order, Studiorotan must show good cause for the amendment. As explained above, Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause standard of Rule 16(b) "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citation and internal quotation marks omitted). "This rule is strictly enforced, particularly where, as here, the nonmovant has objected to the proposed amendment as untimely under the applicable scheduling order." *Roberson v. BancorpSouth Bank, Inc.*, 2013 WL 4870839, *1 (S.D. Ala. Sept. 12, 2013); *see also Will–Burn Recording & Pub. Co. v. Uni. Music Grp. Records*, 2009 WL 1118944, *2 n. 5 (S.D. Ala. Apr. 27, 2009). "Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry." *Roberson*, 2013 WL 4870839, at *2 (citations omitted); *see also De Varona v. Discount Auto Parts*, LLC, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) (finding that "diligence is the key to satisfying the good cause requirement"); *S. Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509, 521 (D. Del. 2010) (finding that "the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-

moving party") (citation omitted).

First, the appearance of new counsel does not relieve Studiorotan of its burden to demonstrate diligence and good cause. *See Vantage View, Inc. v. QBE Ins. Corp.*, 2008 WL 4097700, at *1 n.1 (S.D. Fla. Sept. 3, 2008) ("Retention of new counsel does not justify lack of diligence with respect to court ordered deadlines."). While former counsel for Studiorotan conducted little (if any) discovery, there is no evidence of any external factor that prevented him from diligently pursuing discovery during the 14 months he prosecuted this action. Even if new counsel has been diligent in obtaining the record from former counsel and exploring the basis for Studiorotan's claims, this does not excuse his predecessor's lack of diligence. *See Kolmat do Brasil, Ltd. v. Evergreen United Invs.*, 2017 WL 11680171, at *2 (S.D. Fla. Mar. 20, 2017) (concluding that parties "are not entitled to re-litigate the case each time new counsel appears"). Instead, the question is whether Studiorotan was diligent during the amendment period or thereafter. It was not. Likewise, simply because new counsel desires to change some of his client's legal theories, courts routinely hold that a change in litigation strategy does not constitute good cause under Rule 16 because a litigant is "bound by the actions of his freely-chosen counsel." *E.g.*, *Quinn v. Deutsche Bank Nat. Tr. Co*., 625 F. App'x 937, 940 (11th Cir. 2015) (citing *Barger v. City of Cartersville, Ga*., 348 F.3d 1289, 1295 (11th Cir. 2003), *overruled on other grounds by Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1177

(11th Cir. 2017)); *see also Delk v. UPS-Atlanta Hub*, 2021 WL 2517786, at *4 (N.D. Ga. Mar. 5, 2021) (finding that a plaintiff's assertion it moved for leave to amend complaint as soon as possible after obtaining new attorneys is not "the diligence that Plaintiff must show to establish good cause under Rule 16"); *Fed. Trade Comm. v. Roca Labs, Inc.*, 2017 WL 11002078, at *2 (M.D. Fla. May 2, 2017) ("The only apparent bases for the filing of the Motions, that Defendants have obtained new counsel and have embarked on new litigation strategies, are not sufficient to establish good cause.").

In addition, the fact that Studiorotan's counsel appears to have "recently learned these facts does not support that [Studiorotan] acted diligently." *Classic Harvest LLC v. Freshworks LLC*, 2017 WL 5026697, at *5 (N.D. Ga. Nov. 3, 2017) (denying a motion to amend after finding that the party was not diligent and failed to show good cause under Rule 16). Studiorotan does not make any argument that it did not know the underlying facts supporting the new claims before the deadline to amend its pleadings or that it could not have pled these claims until now. In fact, former counsel represented that he would "file an amended complaint to add" a claim for trademark infringement during the evidentiary hearing on September 9, 2025, when the court noted that Studiorotan requested a preliminary injunction for trademark infringement without stating this claim in the complaint. Doc. 49 at 4. The nine-month gap from the date of the hearing to the motion to amend does not

reflect the diligence required to meet the good cause standard.

Likewise, to the extent Studiorotan's motion to amend relies on facts it knew or should have known at the time it filed suit or shortly thereafter, there is no good cause for the amendment. *See Alexander v. AOL Time Warner, Inc.*, 132 F. App'x 267, 269 (11th Cir. 2005) (holding that a plaintiff cannot show "good cause" under Rule 16(b) when the claims were known and available to the plaintiff "all along" during the lawsuit); *Sosa*, 133 F. 3d at 1419 (holding that the plaintiff had not shown good cause to amend the complaint because the information contained in the plaintiff's proposed amendment was available to the plaintiff before suit was filed). Many of the relevant facts were known to Studiorotan in the summer of 2023, well before the filing of the complaint. And Renee Kemp-Rotan testified about other relevant facts at the preliminary injunction hearing in early September 2025, including the NEA grant, Howell's alleged use of Studiorotan's credentials, and her alteration to the animations in question. *See* Doc. 49 at 43–49, 52–56.

For these reasons, Studiorotan has not established the good cause necessary to add new claims[1] under Rule 16(b) after the expiration of the deadline in the scheduling order. The motion to amend the complaint to add claims for conversion and trademark infringement will be denied.

[1] While the court will not permit the addition of new claims, Studiorotan may voluntarily dismiss its claims for tortious interference and defamation.

**B. Factual Amendments**

Studiorotan also seeks to add a multitude of factual allegations in its proposed amended complaint. The scheduling order does not set a deadline for adding facts, so the court looks to Rule 15 as the standard for these amendments. The result, however, is the same. Rule 15(a)(2) directs the court to "freely give leave when justice so requires" but in "deciding whether to grant a party leave to amend a pleading, a district court may consider several factors, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The record establishes that Studiorotan has engaged in undue delay and that the amendments will unduly prejudice Howell and M.O.V.E. A district court properly denies leave to amend based on undue delay. *See, e.g., Edward Lewis Tobinick, MD v. Novella*, 848 F.3d 935, 948 (11th Cir. 2017) (affirming the denial of an amendment adding new factual allegations, a civil conspiracy claim, and two new defendants); *Powell v. United States*, 800 F. App'x 687, 700 (11th Cir. 2020) (affirming the denial of an amendment to add factual detail because of undue delay);

*Peter E. Shapiro, P.A. v. Wells Fargo Bank N.A.*, 795 F. App'x 741, 752 (11th Cir. 2019) (affirming the denial of an amendment because plaintiff could not explain why he was unable to assert a legally cognizable claim in his initial complaint). Studiorotan does not offer any explanation why the factual amendments could not have been made before now. In fact, as discussed above, many of the relevant facts date to 2023, well before the filing of the complaint. *See* Doc. 73 at 3–4. Other facts have been within Studiorotan's knowledge throughout this litigation, as Renee-Kemp confirmed in her testimony during the preliminary injunction hearing.

In addition, the proposed amendments would unduly prejudice Howell and M.O.V.E. This case has been pending for almost 18 months. The discovery deadline has been extended on multiple occasions and is now set to expire on July 31, 2026. Doc. 69. Permitting the amendments necessarily requires additional discovery. It is simply too late in the game to permit new factual allegations that materially change the course of this litigation.

## III. CONCLUSION

For these reasons, it is ORDERED that Plaintiff Studiorotan LLC's Motion for Leave to File a First Amended Complaint (Doc. 73) is DENIED.

DONE and ORDERED on June 24, 2026.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE