FILED
2026 Jul-14 PM 09:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**STUDIOROTAN LLC,** )
**Plaintiff,** )
) **v.**
)
) **Case No:2:25-cv-00020-GMB**
)
**VICKII J. HOWELL and M.O.V.E. GULF COAST** )
**COMMUNITY DEVELOPMENT CORPORATION,** )
**Defendants.** )

**PLAINTIFF'S NOTICE OF VOLUNTARY PARTIAL DISMISSAL WITHOUT PREJUDICE OF COUNTS I AND V ONLY**

Pursuant to Federal Rule of Civil Procedure 41(a), Plaintiff Studiorotan LLC, by and through undersigned counsel, hereby gives notice of the voluntary dismissal WITHOUT PREJUDICE of the following claims only:

(1) Count I , Breach of Written Contract; and

(2) Count V , Defamation.

The dismissal of these two counts is partial only. All remaining counts in Plaintiff's Complaint , including Count II (Copyright Infringement, 17 U.S.C. §§ 101 et seq.), Count III (Trademark Infringement, 15 U.S.C. §§ 1114 et seq.), and Count IV (Tortious Interference with Business Relations and Unjust Enrichment) , are expressly unaffected by this Notice and will proceed.

## I. BOTH COUNTS WERE FILED ON A GOOD FAITH BASIS.

At the time this action was filed, both Count I and Count V were grounded in good faith factual and legal bases. Count I , Breach of Written Contract , was pleaded consistent with the parties' extensive written course of dealing, which included a multi-draft Services Agreement exchanged in 2023, written memoranda from Defendant Howell acknowledging Plaintiff's services and the outstanding compensation owed (including a December 2019 memorandum in which Defendant Howell confirmed in writing that "it is been your outstanding and excellent work that has gotten us to this point"), and written correspondence spanning years that documented the relationship, the scope of Plaintiff's work, and Defendants' obligations. The written agreement count reflected a cognizable legal theory fully supported by the information available at the time of filing.

Count V , Defamation , was pleaded based on Plaintiff's good faith belief, supported by information available to Plaintiff, that Defendants made false and damaging statements about Plaintiff's professional work and standing. Plaintiff does not concede that those statements were not made. Plaintiff is electing, in the exercise of its litigation judgment, to pursue the claims that most efficiently and directly redress the economic and intellectual property harms that are central to this case.

## II. THIS DISMISSAL REFLECTS NORMAL LITIGATION REFINEMENT, NOT MISCONDUCT.

As discovery has proceeded and the full factual record has been assembled and analyzed, undersigned counsel , who entered this case as newly appearing counsel after prior representation had concluded , has refined the legal theories based on the complete

evidentiary picture. The extensive discovery record, including Plaintiff's 404-page Batesstamped production, the IRS Form 1099-MISC confirming contractor status, Defendant

Howell's own written December 2019 acknowledgment of debt, and Defendant Howell's August 2023 written admission of an oral contractor/client relationship, has clarified that the unjust enrichment and oral agreement theories within Count IV provide the appropriate contractual recovery. Refining legal theories as the factual record develops is not misconduct, it is precisely what a diligent attorney is obligated to do.

Newly appearing counsel in this action stepped into an eighteen-month-old case and has worked to understand a complex factual record involving multiple areas of federal law , copyright, trademark, and federal civil procedure , along with Alabama contract and tort law. The decision to streamline the case to its strongest claims reflects that diligence, not any deficiency in the original filing.

## III. THE RULE 11 SAFE HARBOR MECHANISM EXISTS PRECISELY FOR THIS PURPOSE.

This Notice is filed within the twenty-one-day safe harbor period provided by Federal Rule of Civil Procedure 11(c)(2), which commenced upon service of Defendants' Rule 11 motion on or about July 6, 2026. The safe harbor mechanism was designed by the drafters of the Federal Rules to encourage exactly this outcome: a party, upon receiving a Rule 11 motion, is given the opportunity to voluntarily withdraw or correct the challenged position before judicial resources are

expended on a sanctions proceeding. Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. Plaintiff is using the mechanism precisely as intended.

The Eleventh Circuit applies an objective standard of reasonableness in assessing Rule 11 conduct, and the conduct here , filing copyright, trademark, contract, and interference claims based on a multi-year professional services relationship, substantial written documentation, and ongoing infringement , meets that standard without question. Any Rule 11 motion directed at the dismissed counts would fail on the merits.

## IV. THIS DISMISSAL DOES NOT PREJUDICE DEFENDANTS.

A voluntary dismissal without prejudice is not an adjudication on the merits. Fed. R. Civ. P. 41(a). Defendants cannot claim prejudice from the dismissal of two counts in a five-count case where the remaining three counts , copyright infringement, trademark infringement, and tortious interference/unjust enrichment , present substantially overlapping factual issues and require substantially the same discovery. Defendants have produced no documents and provided no substantive responses to any of Plaintiff's sixty discovery requests, and thus have incurred no incremental burden attributable to the now-dismissed counts that would not otherwise be required by the surviving claims.

This dismissal is voluntary, made in the exercise of Plaintiff's litigation judgment, and does not constitute any acknowledgment that any allegation in the Complaint was improper, unfounded, or asserted in bad faith. The remaining claims , Counts II, III, and IV , are meritorious, are supported by substantial documentary and testimonial evidence, and will proceed to resolution on the merits.

Respectfully submitted,

**Gerard Truesdale**
Attorney at Law
Alabama Bar No. 951710BT
LAW OFFICE OF GERARD TRUESDALE
120 19th Street North, Suite 201
Birmingham, Alabama 35203 Telephone:
(205) 335-0072
gerardt@attorneytruesdale.com

*Counsel for Plaintiff Studiorotan LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14th 2026, a true and correct copy of the foregoing Notice of Voluntary Partial Dismissal Without Prejudice was served on the following counsel of record via electronic mail:

Douglas L. Bridges, Esq.
ADAMSIP, LLC
453 Dauphin Street, 2nd Floor Mobile,
Alabama 36602
doug@adamsiplaw.com