FILED
2026 Jul-15 AM 06:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STUDIOROTAN LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-00020-GMB |
| | ) | |
| VICKII J. HOWELL, and<br>M.O.V.E. GULF COAST CDC, | )<br>) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF VOLUNTARY PARTIAL DISMISSAL (DOC. 79)**

Plaintiff Studiorotan LLC has filed a "Notice of Voluntary Partial Dismissal Without Prejudice" of Count I (breach of written contract) and Count V (defamation). Doc. 79. Defendants Vickii J. Howell and M.O.V.E. Gulf Coast CDC do not oppose the dismissal of those counts. They respond because the notice is not effective as filed, because any dismissal should be with prejudice, and because the notice's five pages of argument misstate the record.

**A. The notice is ineffective as filed, so the terms of dismissal are for the Court to set.**

Rule 41(a)(1)(A)(i) permits a plaintiff to dismiss by notice only "before the opposing party serves either an answer or a motion for summary judgment." Defendants answered this Complaint more than a year ago and have amended their

answer to assert counterclaims. Docs. 38, 67. A unilateral notice is therefore unavailable. Independently, Rule 41(a) authorizes the voluntary dismissal of an "action," not of individual claims within one; in this Circuit, a plaintiff who wishes to drop fewer than all of its claims must amend the complaint under Rule 15(a) or obtain a court order under Rule 41(a)(2). *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018). Counts I and V accordingly remain pending unless and until the Court acts. Defendants respectfully suggest that the Court treat Doc. 79 as a motion under Rule 15(a)(2) or Rule 41(a)(2) and grant it on proper terms.

**B. The dismissal should be with prejudice.**

Rule 41(a)(2) permits dismissal "on terms that the court considers proper," and the rule "exists chiefly for the protection of defendants." *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991). Its purpose "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co.,* 781 F.2d 855, 856 (11th Cir. 1986). Three features of this record make dismissal with prejudice the proper term.

First, the dismissed claims are not claims Plaintiff might responsibly bring again. Count I alleges breach of an executed written contract. Plaintiff's prior counsel conceded at the preliminary injunction hearing that "it is undisputed that there was never a signed contract that was put together in this case." Doc. 49 at 6.

Ms. Kemp-Rotan testified that no one signed it. Doc. 49 at 22–23. Plaintiff's proposed amended complaint alleged that "[n]o written contract was executed" (Doc. 73-1 ¶ 7), and Plaintiff's current verified interrogatory answers, served the same day as the notice, swear that the parties' agreement "was never reduced to a signed writing." Count V fares no better: in eighteen months of litigation, Plaintiff never identified a single allegedly defamatory statement, and when Defendants' interrogatory required it to do so, Plaintiff's verified answer identified none. A dismissal without prejudice preserves for refiling two claims that Plaintiff's own sworn record forecloses. With prejudice, the dismissal costs Plaintiff nothing it is entitled to keep.

Second, the timing works a concrete unfairness if refiling remains open. Plaintiff dismissed these counts on the eve of the discovery cutoff, after Defendants had answered them, opposed a preliminary injunction directed in part at them, propounded interrogatories and document requests directed at them, sent the conference letters the Court's Initial Order requires, and served a Rule 11 motion addressed to them. The dismissal came on day eight of the Rule 11 safe harbor, a sequence the notice itself acknowledges. Doc. 79 at 3. Permitting Plaintiff to withdraw the claims now and hold them for another day would let it avoid the test it faced while keeping the threat alive. That is precisely the unfair effect Rule 41(a)(2) exists to prevent. *McCants*, 781 F.2d at 856.

Third, Plaintiff is already using the dismissal as both sword and shield. Its amended discovery responses refuse Interrogatory Nos. 13 and 14 and Request No. 17 as "moot" because of the dismissal, while its answers reroute the same contractual recovery through what the notice calls "the unjust enrichment and oral agreement theories within Count IV." Doc. 79 at 3. A without-prejudice dismissal ratifies that maneuver: the claims are gone for discovery purposes but available for renewed leverage. Dismissal with prejudice ends the claims and the maneuvering together.

**C. In the alternative, any dismissal without prejudice should carry curative conditions.**

If the Court is inclined to permit dismissal without prejudice, Defendants request the conditions ordinarily used to cure unfairness: that Plaintiff pay Defendants' reasonable attorney's fees and expenses incurred in defending Counts I and V, and that any refiling of either claim be permitted only in this Court upon proof of that payment. *McCants*, 781 F.2d at 856–57.

**D. The notice's characterizations should be disregarded, and the dismissal resolves less than it claims.**

The notice devotes five pages to argument, including a preemptive defense of counsel's Rule 11 exposure and the assertion that Defendants "have produced no documents and provided no substantive responses to any of Plaintiff's sixty discovery requests." Doc. 79 at 4. Those requests were served after the last date

permitted by the scheduling order, and Defendants responded with timely objections; that dispute is the subject of separate briefing. Doc. 78. The notice also misdescribes the operative Complaint, identifying the surviving claims as including "Count III (Trademark Infringement, 15 U.S.C. §§ 1114 et seq.)." The operative Complaint contains no trademark count; Count III is unjust enrichment, and the Court denied Plaintiff leave to add trademark claims. Docs. 1, 76. Finally, whatever the terms of dismissal, it does not affect the Court's authority to address conduct under Rule 11, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990), and it has no effect on Defendants' pending counterclaims, which proceed regardless. Fed. R. Civ. P. 41(a)(2).

## CONCLUSION

Defendants respectfully request that the Court treat Plaintiff's notice (Doc. 79) as a motion under Rule 15(a)(2) or Rule 41(a)(2), dismiss Counts I and V of the Complaint with prejudice, or in the alternative condition any dismissal without prejudice on payment of Defendants' fees and expenses incurred in defending those counts, and grant such other relief as the Court deems just.

Dated: July 15, 2026

Respectfully submitted,

/s/ Douglas L. Bridges
Douglas L. Bridges (1974N06L)

ADAMSIP, LLC
453 Dauphin Street, 2nd Floor
Mobile, Alabama 36602
Phone: (251) 289-9787
doug@adamsiplaw.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

/s/ Douglas L. Bridges