FILED
2026 Jul-15 AM 06:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

ADAMS·IP
INTELLECTUAL PROPERTY & BUSINESS LAW

Douglas Bridges
453 Dauphin Street
Mobile, Alabama 36602
(251) 289-9787
doug@adamsiplaw.com

July 2, 2026

**BY EMAIL**

Gerard Lynn Truesdale, Esq.
Attorney Gerard L. Truesdale, PLLC
120 19th Street North, Suite 201
Birmingham, Alabama 35203
gerardt@attorneytruesdale.com

**RE: *Studiorotan LLC v. Vickii J. Howell, et al.*, No. 2:25-cv-00020-GMB (N.D. Ala.) — Plaintiff's Overdue Responses to Defendants' First Set of Interrogatories and Requests for Production**

Dear Mr. Truesdale:

I write pursuant to Federal Rule of Civil Procedure 37(a)(1) in a good-faith effort to resolve a discovery dispute before seeking relief from the Court.

On May 12, 2026, Defendants Vickii J. Howell and M.O.V.E. Gulf Coast CDC served Defendants' First Set of Interrogatories (Nos. 1–20) and Requests for Production of Documents (Nos. 1–34) on Plaintiff Studiorotan LLC. Under Rules 33(b)(2) and 34(b)(2)(A), Studiorotan's responses were due no later than June 11, 2026. That deadline passed three weeks ago. To date, Studiorotan has served no answers, no objections, and no documents, and has neither requested nor received any extension of time.

Studiorotan's failure to respond has consequences under the Federal Rules. Any ground not stated in a timely objection to an interrogatory is waived. Fed. R. Civ. P. 33(b)(4). Courts apply the same waiver principle to untimely responses to requests for production. Accordingly, Studiorotan must now serve complete, verified answers to each Interrogatory, signed under oath by Studiorotan as required by Rule 33(b)(3) and (5), and must produce all documents responsive to each Request, without objection.

Please be mindful that under the Court's scheduling order, as amended, all discovery must be completed by July 31, 2026, and the Court has stated that it does not anticipate any further extensions. Doc. 69. Defendants cannot allow Studiorotan's silence to consume the remaining discovery period. We therefore require that Studiorotan serve its complete answers and responsive documents no later than the close of business on Friday, July 10, 2026.

If we do not receive complete responses by that date, Defendants will move to compel under Rule 37(a)(3)(B) and will seek the mandatory award of their reasonable expenses, including attorney's fees, under Rule 37(a)(5)(A). Because Studiorotan has failed to serve any answers or written responses whatsoever, Defendants also reserve the right to proceed directly under Rule 37(d), which authorizes sanctions, including those listed in Rule 37(b)(2)(A) and an award of expenses and fees, for a party's complete failure to answer interrogatories or respond to requests for production.

We remain willing to confer in good faith. If Studiorotan contends that it cannot meet the July 10 deadline, or if you wish to discuss any aspect of the requests, please contact me by telephone or email before that date. Absent a response, we will represent to the Court that we attempted in good faith to resolve this dispute without court action.

Defendants reserve all rights and remedies. Nothing in this letter waives any position Defendants may take regarding the discovery schedule or any other matter in this action.

Best Regards,



Douglas L. Bridges
AdamsIP, LLC
453 Dauphin Street, 2nd Floor
Mobile, Alabama 36602
(251) 289-9787
doug@adamsiplaw.com
Counsel for Defendants