FILED
2026 Jul-15 AM 06:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

ADAMS·IP
INTELLECTUAL PROPERTY & BUSINESS LAW

Douglas Bridges
453 Dauphin Street
Mobile, Alabama 36602
(251) 289-9787
doug@adamsiplaw.com

July 6, 2026

**BY EMAIL**

Gerard Lynn Truesdale, Esq.
Attorney Gerard L. Truesdale, PLLC
120 19th Street North, Suite 201
Birmingham, Alabama 35203
gerardt@attorneytruesdale.com

**RE: *Studiorotan LLC v. Vickii J. Howell, et al.*, No. 2:25-cv-00020-GMB (N.D. Ala.); Your July 3, 2026 Letter; Demand for Dismissal of All Claims Against M.O.V.E. Gulf Coast CDC**

Dear Mr. Truesdale:

Thank you for your letter of July 3, 2026, and for Studiorotan's unqualified commitment to serve complete, verified answers to Defendants' First Set of Interrogatories (Nos. 1–20), complete responses to Defendants' First Set of Requests for Production (Nos. 1–34), and all responsive, non-privileged documents no later than Friday, July 10, 2026. Defendants will rely on that representation and, consistent with Rule 33(b)(4), expect the responses to be served without objection. If complete responses are not in hand on July 10, we will proceed as set out in my July 2 letter without further notice.

I must, however, correct the record on one point. Your letter states that you "entered this matter on June 15, 2026," that you were "not counsel in this case when those requests were served," and that the failure to respond "belongs to prior counsel, and prior counsel alone." That is false. You filed your Notice of Appearance on April 30, 2026, twelve days before the discovery was served, expressly "replacing prior counsel" and requesting that "all future notices, filings, orders, and correspondence" from the Court and opposing counsel be directed to you. Doc. 60. A copy is enclosed as Exhibit A. Defendants' discovery requests were then served directly on you, by email to gerardt@attorneytruesdale.com on May 12, 2026, at 3:33 PM, attaching the requests in full. That email is enclosed as Exhibit B. Two minutes later, at 3:35 PM, you personally replied: "Received. Will respond back with ours by Friday." Your reply is enclosed as Exhibit C. You were counsel of record when the requests were served, when the responses came due on June 11, and at all times since. Your own June 5 filing said as much, representing to the Court that undersigned counsel "has been diligently developing the factual and legal record in this case." Doc. 73

at 2. We expect that the June 15 assertion will not be repeated to this office or to the Court. If motion practice becomes necessary, Exhibits A through C will accompany it.

**Demand for Dismissal of All Claims Against M.O.V.E. Gulf Coast CDC**

On a separate matter: it is time for Studiorotan to dismiss its claims against M.O.V.E. On June 4, 2026, Studiorotan filed an amended complaint without leave of court, and the Court struck it. Doc. 72. On June 24, 2026, the Court denied Studiorotan's motion for leave to amend in full, finding no good cause under Rule 16(b)(4), no diligence, undue delay, and undue prejudice to Defendants. Doc. 76. In doing so, the Court expressly noted: "While the court will not permit the addition of new claims, Studiorotan may voluntarily dismiss its claims for tortious interference and defamation." Doc. 76 at 9 n.1. Studiorotan's own proposed pleading dropped the tortious interference and defamation counts, dropped the two poster registrations and the veil-piercing allegations, and conceded that "[n]o written contract was executed," which is the premise of the breach of contract count. Studiorotan has already told the Court which of its original claims it will not stand behind. Yet it has not dismissed a single claim, and the original Complaint remains the operative pleading in full.

Nor has Studiorotan taken any step to prosecute the claims it retains. The Court has warned Studiorotan on at least two occasions that its failure to pursue its claims may result in dismissal for failure to prosecute. Doc. 57 at 2; Doc. 59 at 1–2. And in denying leave to amend, the Court observed that "former counsel for Studiorotan conducted little (if any) discovery," that "there is no evidence of any external factor that prevented him from diligently pursuing discovery during the 14 months he prosecuted this action," and that as of May 12, 2026, "[n]o depositions have been taken, no written discovery has been served by Plaintiff on Defendants." Doc. 76 at 3–4, 7. Notwithstanding those warnings, Studiorotan has served no written discovery of any kind, and under the scheduling order requiring all discovery to be completed by July 31, 2026 (Doc. 69), the time to do so has passed. That remains true today, despite your May 12 written assurance that Studiorotan would "respond back with ours by Friday." Exhibit C. Studiorotan cannot try claims it has taken no steps to prove.

Defendants therefore demand that Studiorotan file a dismissal with prejudice of all claims against M.O.V.E. Gulf Coast CDC pursuant to Rule 41(a) no later than Friday, July 10, 2026. If Studiorotan prefers, we will promptly sign a stipulation of dismissal under Rule 41(a)(1)(A)(ii).

Please advise your client that continued assertion of the originally filed claims carries consequences. Rule 11(b)(2) and (3) apply to the continued advocacy of claims that lack legal or evidentiary support, including claims Studiorotan itself sought to abandon and a contract claim premised on an agreement that Studiorotan's own proposed amended

complaint concedes was never executed. Defendants' Motion for Sanctions Under Federal Rule of Civil Procedure 11 is enclosed with this letter and is served on you today pursuant to Rule 11(c)(2). Unless the claims and contentions challenged in the motion are withdrawn or appropriately corrected within 21 days of service, that is, by July 27, 2026, Defendants will file the motion with the Court, in addition to seeking any relief available under 28 U.S.C. § 1927.

Defendants further reserve the right to seek their attorney's fees as the prevailing party on each claim carrying a fee-shifting provision, including without limitation full costs and reasonable attorney's fees under 17 U.S.C. § 505 on Studiorotan's copyright count. That exposure grows with every day these claims remain pending.

I am available to discuss any of the above by telephone or email before July 10. Nothing in this letter waives any right, remedy, or position of Defendants, all of which are expressly reserved.

Best Regards,

Douglas L. Bridges
AdamsIP, LLC
453 Dauphin Street, 2nd Floor
Mobile, Alabama 36602
(251) 289-9787
doug@adamsiplaw.com
Counsel for Defendants

Enclosures: Exhibit A – Notice of Appearance (Doc. 60, filed April 30, 2026)
Exhibit B – May 12, 2026 (3:33 PM) email serving Defendants' First Set of Interrogatories and Requests for Production
Exhibit C – May 12, 2026 (3:35 PM) reply email confirming receipt
Defendants' Motion for Sanctions Under Fed. R. Civ. P. 11 (served pursuant to Rule 11(c)(2))