FILED
2026 Jul-15 AM 06:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

ADAMS·IP
INTELLECTUAL PROPERTY & BUSINESS LAW

Douglas Bridges
453 Dauphin Street
Mobile, Alabama 36602
(251) 289-9787
doug@adamsiplaw.com

July 6, 2026

**BY EMAIL**

Gerard Lynn Truesdale, Esq.
Attorney Gerard L. Truesdale, PLLC
120 19th Street North, Suite 201
Birmingham, Alabama 35203
gerardt@attorneytruesdale.com

**RE: *Studiorotan LLC v. Vickii J. Howell, et al.*, No. 2:25-cv-00020-GMB (N.D. Ala.); Plaintiff's Untimely Discovery Requests**

Dear Mr. Truesdale:

Today we received Plaintiff's First Set of Interrogatories (Nos. 1–25) and First Set of Requests for Production (Nos. 1–35), each bearing a certificate of service dated July 5, 2026, even though they were not served until July 6, 2026. The requests are untimely. Defendants will not respond to them absent an order of the Court.

The scheduling order requires all discovery to be commenced in time to be completed by July 31, 2026. Doc. 69. Responses to requests served on July 6 would not come due until August 5, after discovery closes, so the last day for timely service of written discovery was July 1, 2026. Studiorotan missed that deadline. Formal objections preserving Defendants' position are enclosed. No substantive responses will follow.

If Studiorotan moves to extend the discovery deadline, Defendants will oppose the motion. An extension requires good cause under Rule 16(b)(4), and the Court has already found that Studiorotan did not act diligently, that no external factor prevented it from pursuing discovery, and that it had served nothing as of May 12, 2026. Doc. 76 at 3–4, 7. The Court also stated when it granted the last extension that it did not anticipate another. Doc. 69 at 1. Your May 12 email promised that Studiorotan would serve its discovery "by Friday," meaning May 15. It arrived on July 6, seven weeks later and five days past the deadline.

One further point. The definition of "the Works" in both sets, and Request No. 1, seek discovery concerning Copyright Registration No. TXu2484800 and works that appear in no operative pleading. The Court denied Studiorotan leave to expand this case to new registrations and new claims. Doc. 76. Discovery into those matters would be improper even if the requests had been timely served.

Nothing in this letter waives any right, objection, or position of Defendants, all of which are reserved.

Best Regards,

Douglas L. Bridges
AdamsIP, LLC
453 Dauphin Street, 2nd Floor
Mobile, Alabama 36602
(251) 289-9787
doug@adamsiplaw.com
Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STUDIOROTAN LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-00020-GMB |
| | ) | |
| VICKII J. HOWELL, and | ) | |
| M.O.V.E. GULF COAST CDC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION**

Defendants Vickii J. Howell and M.O.V.E. Gulf Coast CDC ("Defendants") object as follows to Plaintiff Studiorotan LLC's First Set of Interrogatories (Nos. 1–25) and First Set of Requests for Production of Documents (Nos. 1–35), each of which were served on July 6, 2026, and bore a certificate of service dated July 5, 2026.

**GENERAL OBJECTION: UNTIMELINESS**

The Court's scheduling order requires that all discovery "be commenced in time to be completed by July 31, 2026." Doc. 69 at 1. Under Rules 33(b)(2) and 34(b)(2)(A), responses to discovery served on July 6, 2026 would not come due until August 5, 2026, after discovery closes. The last day on which written discovery could be timely served in this action was July 1, 2026. Plaintiff's Interrogatories and Requests for Production are untimely, and Defendants have no obligation to respond to them. Defendants object to

each Interrogatory and each Request on this ground and will provide no substantive answers, responses, or production absent an order of the Court.

**RESERVATION OF ALL OTHER OBJECTIONS**

Because the requests are untimely, Defendants do not state objections to the individual requests and are not required to do so. Defendants reserve every such objection, including that the Interrogatories exceed the numerical limit of Rule 33(a)(1) once their discrete subparts are counted; that Interrogatory Nos. 18 and 19 improperly duplicate the disclosure obligations of Rule 26(a); that the definition of "the Works" and Request No. 1 seek discovery concerning Copyright Registration No. TXu2484800 and other works and registrations that appear in no operative pleading and that the Court declined to allow into this case (Doc. 76); and all objections based on relevance, proportionality, overbreadth, undue burden, privilege, and work product. Nothing in this document waives any objection or position of Defendants.

**OBJECTION TO INTERROGATORY NOS. 1 THROUGH 25**

Defendants object to each of Interrogatory Nos. 1 through 25 as untimely for the reasons stated in the General Objection and on that basis decline to answer.

**OBJECTION TO REQUEST FOR PRODUCTION NOS. 1 THROUGH 35**

Defendants object to each of Request Nos. 1 through 35 as untimely for the reasons stated in the General Objection and on that basis decline to respond or produce documents.

Dated: July 6, 2026

Respectfully submitted,

/s/ Douglas L. Bridges
Douglas L. Bridges (1974N06L)
ADAMSIP, LLC
453 Dauphin Street, 2nd Floor
Mobile, Alabama 36602
Phone: (251) 289-9787
doug@adamsiplaw.com
Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2026, a true and correct copy of the foregoing was served by email upon counsel of record for Plaintiff: Gerard Lynn Truesdale, Esq., Attorney Gerard L. Truesdale, PLLC, 120 19th Street North, Suite 201, Birmingham, Alabama 35203, gerardt@attorneytruesdale.com.

/s/ Douglas L. Bridges
Douglas L. Bridges