FILED
2026 Jul-15 AM 06:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

ADAMS·IP
INTELLECTUAL PROPERTY & BUSINESS LAW

Douglas Bridges
453 Dauphin Street
Mobile, Alabama 36602
(251) 289-9787
doug@adamsiplaw.com

July 11, 2026

**BY EMAIL**

Gerard Lynn Truesdale, Esq.
Attorney Gerard L. Truesdale, PLLC
120 19th Street North, Suite 201
Birmingham, Alabama 35203
gerardt@attorneytruesdale.com

**RE: *Studiorotan LLC v. Vickii J. Howell, et al.*, No. 2:25-cv-00020-GMB (N.D. Ala.); Deficiencies in Plaintiff's Discovery Responses and Document Production**

Dear Mr. Truesdale:

We have reviewed Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories and Requests for Production, verified July 10, 2026, together with the document production, STUDIOROTAN-0001 through the end of Volume 2. The responses are deficient in nearly every respect. As required by Section II of Judge Borden's Initial Order, this letter identifies each issue in dispute, the resolution Defendants request, and the terms of the order Defendants will seek if the parties cannot resolve these issues. Please treat it as Defendants' good-faith effort to confer under Rule 37(a)(1), and provide dates this coming week for the telephone conference the Initial Order requires.

**1. The interrogatory answers are unanswered attorney notes, not answers.**

At least sixteen of the twenty responses contain bracketed placeholders reading "[CLIENT TO CONFIRM: ...]" where the substantive information should be. The response to Interrogatory No. 3 leaves the date, the signatories, and the location of the alleged contract to be confirmed. The response to No. 6 leaves every payment date, amount, and method to be confirmed. The response to No. 13 identifies not one allegedly defamatory statement; it contains only your instruction to your client, flagged "THIS IS CRITICAL TO COUNT V." Nos. 5, 16, and 19 provide no substantive information at all. Rule 33(b)(3) requires that each interrogatory be answered separately and fully under oath. Serving your internal client questionnaire does not satisfy that obligation. Defendants request complete amended answers, without placeholders, to Interrogatory Nos. 3 through 20.

**2. The verification is irreconcilable with the record.**

Ms. Kemp-Rotan verified these answers under penalty of perjury. The verified answers assert a "written agreement signed by all parties." Response to Interrogatory No. 4(b). She

testified under oath that she never signed the document and that no one at M.O.V.E. signed it. Doc. 49 at 22–23. Prior counsel conceded at the same hearing that "it is undisputed that there was never a signed contract that was put together in this case." Doc. 49 at 6. Plaintiff's own proposed amended complaint alleged that "[n]o written contract was executed." Doc. 73-1 ¶ 7. The verified answer and the sworn testimony cannot both be true. The amended answers should correct this, and we caution against verifying answers whose contents remain, by their own terms, unconfirmed. Because the served responses themselves disclose counsel's exchanges with Ms. Kemp-Rotan on this subject, any privilege covering those exchanges has been waived, and Defendants request production of all communications between counsel and Plaintiff concerning the execution or signing of the alleged Services Agreement, including who, if anyone, signed it.

**3. All objections are waived.**

Responses to discovery served May 12 were due June 11. They were served July 10. Any ground not stated in a timely objection is waived, Rule 33(b)(4), and the same principle governs the Rule 34 responses. General Objection No. 1, in which Plaintiff declares its own good cause, is ineffective. Only the Court may excuse the waiver, and Plaintiff has not asked it to. Every objection must be withdrawn and each request answered in full. That includes Request No. 4 (financial records), Request No. 27 (fee and billing records, which are not categorically privileged and bear directly on Plaintiff's own claim for fees under 17 U.S.C. § 505), and Request No. 32 (insurance and funding agreements, which Rule 26(a)(1)(A)(iv) obligated Plaintiff to produce with its initial disclosures without any request at all).

**4. The answers given contradict the record.**

The responses to Interrogatory Nos. 7 and 8 describe Registration No. PAu 4-210-458 as covering eight animation works; the Court found it comprises nine videos. Doc. 50 at 5, Finding 2. The same answers assert the animations "remain unpublished" and were created in 2023; Ms. Kemp-Rotan testified that the animations were posted on the public competition website around 2022 to promote registration. Doc. 49 at 106–07. The response to Interrogatory No. 20 elects statutory damages "[b]ecause all Asserted Copyrights were registered prior to the commencement of the infringing acts," immediately followed by the bracketed note "[NOTE: confirm registration dates vs. infringement dates]." The registrations took effect January 11, 2024 and April 27, 2025. Every act of infringement alleged in the Complaint dates from 2022 and 2023, so 17 U.S.C. § 412 bars statutory damages and fees. The same response claims damages on Counts IV and V, the claims Plaintiff omitted from its proposed amended complaint and that the Court invited it to dismiss. Doc. 76 at 9 n.1. Amended answers should conform to the record or explain, under oath, the basis for departing from it.

**5. The production is a fraction of what the responses promise.**

The responses promise production in more than twenty categories. What arrived is roughly 400 pages, most of it Plaintiff's own promotional and design material: the four Site Design Programs (STUDIOROTAN-0001–0152), a ConsultEcon proposal and ConsultEcon marketing pieces, IRS Forms 1099, an unsigned draft of the Services Agreement, and Ms. Kemp-Rotan's publication lists. Not produced: communications with Defendants (Request No. 2), invoices and payment records (No. 5), bank records (No. 6), website archives (Nos. 9–10), the Copyright Office application files and deposit copies (No. 11), the USPTO file (No. 12), documents concerning any allegedly defamatory statement (No. 17), communications with the World Monuments Fund, Mellon Foundation, NEA, AIA, NOMA, Visit Mobile, Netflix, and ConsultEcon (Nos. 18–24), and damages documents (No. 26). The promise to supplement "as they are collected and reviewed" is not a response. Rule 34(b)(2)(B) requires production by a date certain, and discovery closes July 31. Defendants request completion of the production by Wednesday, July 15, 2026.

**6. Plaintiff wrote on the documents before producing them.**

Multiple produced documents bear typed red annotations that are not part of the original documents. STUDIOROTAN-0215, a 2019 IRS Form 1099, carries an added red "#6." STUDIOROTAN-0275 carries an added red note reading "23/24/25 RKRS ROLE AS COMPETITION ADVISOR ACORSS PUBLICATIONS, LECTURES, ETC." These are Plaintiff's commentary, added to the face of the evidence. Rule 34(b)(2)(E)(i) requires documents to be produced as they are kept in the usual course of business. Marking up documents before production alters evidence and destroys the authenticity of the copies produced. Defendants request: (a) re-production of clean, unaltered copies of every document produced to date; (b) identification, by Bates number, of every document to which any annotation or alteration was added; and (c) written confirmation that all originals and native files are preserved unmodified.

**7. Format and privilege log.**

The production consists of non-searchable scanned images. Instruction No. 9 to Defendants' Requests requires ESI to be produced in native format with metadata preserved, and Rule 34(b)(2)(E)(ii) prohibits degrading ESI into a less usable form. Defendants request native re-production of all ESI. In addition, although Plaintiff withholds documents on privilege grounds throughout its responses, no privilege log has been served. Rule 26(b)(5) requires one, as does Instruction D of Plaintiff's own responses. Defendants request a complete privilege log with the July 15 production.

**8. Plaintiff served two conflicting sets of responses to the Requests, and the later set bears an earlier service date.**

Plaintiff's combined, verified responses were served July 10, 2026. A second, standalone set of responses to the Requests for Production bears a certificate of service dated July 9, 2026, but was transmitted to this office on the morning of July 11, 2026, after the verified set. The certificate of service is therefore inaccurate on its face, and the two sets contradict each other on dispositive facts. The verified answers state that the animation works were "created in 2023" and "remain unpublished." The standalone responses state that "[a]ll eight animations were created in August 2022 and publicly displayed on africatowndesign.com when the website launched in September 2022" (Response to Request No. 9) and describe STUDIOROTAN-0220–0228 as "Eight Animation Works Created August 3–20, 2022" (Response to Request No. 22). The verified responses promise full production of documents concerning the allegedly defamatory statements; the standalone responses refuse production under Request No. 17 as "moot" on the ground that "Plaintiff is voluntarily dismissing Count V (Defamation) pursuant to Federal Rule of Civil Procedure 41(a)." No such dismissal has been filed. Defendants are entitled to know which responses Plaintiff stands on. Plaintiff must serve a single corrected, verified set of responses; reconcile, under oath, the creation and publication dates of the animation works; either file the Rule 41(a) dismissal of Count V its own response announces or produce all documents responsive to Request No. 17; and serve accurate certificates of service going forward.

**Requested resolution.**

By Wednesday, July 15, 2026: amended, verified interrogatory answers without placeholders and consistent with the sworn record; withdrawal of all objections; completion of the document production, in clean unaltered form and native format, with a privilege log and an identification of all annotated documents; a single corrected set of responses to the Requests; and either a filed Rule 41(a) dismissal of Count V or complete production under Request No. 17. If the parties cannot resolve these issues at the conference, Defendants will seek an order compelling each of the foregoing, striking Plaintiff's objections as waived, and awarding Defendants their expenses under Rule 37(a)(5)(A). These deficiencies will also be addressed in connection with the Rule 11 motion served July 6, whose safe-harbor period expires July 27.

Please provide, by 5:00 p.m. tomorrow, a specific time on Monday, July 13 or Tuesday, July 14, 2026 for the telephone conference required by the Initial Order. If we do not receive a proposed time, we will notice the conference for Tuesday, July 14 at 11:30 a.m. and proceed accordingly. Nothing in this letter waives any right, objection, or position of Defendants, including as to the untimeliness of Plaintiff's own July 5 discovery requests, all of which are reserved.

Best Regards,

Douglas L. Bridges
AdamsIP, LLC
453 Dauphin Street, 2nd Floor
Mobile, Alabama 36602
(251) 289-9787
doug@adamsiplaw.com
Counsel for Defendants