FILED
2026 Jul-15 AM 06:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

ADAMS·IP
INTELLECTUAL PROPERTY & BUSINESS LAW

Douglas Bridges
453 Dauphin Street
Mobile, Alabama 36602
(251) 289-9787
doug@adamsiplaw.com

July 15, 2026

**BY EMAIL**

Gerard Lynn Truesdale, Esq.
Law Office of Gerard Truesdale
120 19th Street North, Suite 201
Birmingham, Alabama 35203
gerardt@attorneytruesdale.com

**RE: *Studiorotan LLC v. Vickii J. Howell, et al.*, No. 2:25-cv-00020-GMB (N.D. Ala.); Deficiencies in Plaintiff's July 14 Amended Responses and Re-Production**

Dear Mr. Truesdale:

Thank you for the telephone conference on the afternoon of July 13 and for serving the amended interrogatory answers, the Second Amended responses to the Requests for Production, and the re-production on July 14, within the commitment you made in your July 12 email. The amended service cures some of the problems identified in my July 11 letter: the placeholder answers are gone, and the production is now organized in individually named, Bates-labeled files. The items below remain outstanding, and the re-production introduced several new problems. This letter supplements my July 11 letter under Section II of the Initial Order.

**1. The production is still missing every category that matters, with no date for "Volume 3."**

The amended responses defer all of the following to a supplemental "Volume 3" with no stated date: the December 2019 Howell memorandum and the August 2, 2023 Howell email, the two documents on which your amended contract narrative rests; the Tripp Watson P.C. damages assessment underlying the $267,440 figure in your answers; the BRAC/Cravath term sheet; Studiorotan's operating agreement and corporate records; the Copyright Office application files and deposit copies; the USPTO file; the assignment documents; source design and animation files and the Canva account records; website archives; communications with ConsultEcon, WMF, NEA, AIA, NOMA, and Visit Mobile; and the bank and payment records. Rule 34(b)(2)(B) requires production by a date certain, and discovery closes July 31. The privilege log is promised "separately" for the second time and has not been served, and the "Invoice 2026-008" that Response No. 27 says was "produced separately" has not been received.

**2. The re-production did not remove the annotations, and documents have been withdrawn.**

The re-produced files retain the added annotations identified in my July 11 letter, including the red "#6" on STUDIOROTAN-0216, the red "23/24/25 RKRS ROLE" note on STUDIOROTAN-0264, the "36" on STUDIOROTAN-0393, and a note on STUDIOROTAN-0220 stating that copies of eight animations were "sent to and approved by LOC" and that one animation was "not sent." In addition, the two IRS Forms 1099-MISC included in your original Volume 2 have been withdrawn from the re-production, and the file now produced at STUDIOROTAN-0216–0219, described in your verified responses as an "IRS Form W-9," is in fact the annotated 1099-MISC. Please re-produce clean, unaltered copies of every document; identify by Bates number each document bearing any added annotation; restore the withdrawn 1099 forms; and confirm in writing that all originals and native files are preserved unmodified.

**3. The Bates renumbering breaks every prior citation, including your own.**

The re-production silently renumbered the documents. The numbers no longer match your July 14 index (the April 2022 ConsultEcon proposal is indexed at STUDIOROTAN-0328–0343 as 16 pages but produced at 0289–0368 as 80 pages; the NEA award letter is indexed at 0389–0390 but produced at 0393–0394), and they no longer match the Bates citations in your own July 9, 10, and 14 responses. Please provide a cross-reference table mapping the original Bates numbers to the new ones.

**4. The "metadata-preserving" representation is not accurate.**

Your July 14 cover letter represents that documents "that originated as electronic files have been produced as PDFs with their original document metadata — including author, creation date, and application of origin — preserved in the file properties." The produced files contain no author, no creation date, and no origin application in their properties; they were regenerated with a PDF utility that stripped the metadata the letter describes. Nearly every document in your own index is identified as originating in Microsoft Word. Please produce the native files with metadata intact, as Instruction No. 9 to the Requests requires.

**5. The re-asserted objections are waived, and the mootness objections rest on an ineffective notice.**

The amended responses re-assert general and specific objections, including as to tax records, banking records, fee records, and insurance. Those objections were waived when the June 11 response deadline passed, and Plaintiff has not asked the Court to excuse the waiver. The refusals to answer Interrogatory Nos. 13 and 14 and Request No. 17 as "moot" rest on the Rule 41(a) notice filed July 14; as set out in Defendants' response to that notice, Rule 41(a) does not permit the unilateral dismissal of individual claims, and those counts remain pending unless and until the Court acts.

**6. The verified answers now conflict with the prior verified answers.**

Your July 14 verified answers state that Registration No. PAu 4-210-458 covers nine animations created in August 2022; your July 10 verified answers stated eight works created in 2023 that "remain unpublished"; and the July 14 answers concede the works appeared on the public competition website in September 2022. Whichever set is inaccurate, Rule 26(e) requires its correction, and we will address the contradictions in motion practice in any event.

**Deadline and the joint stipulation.**

Please cure the foregoing by the close of business on Thursday, July 16, 2026: complete the Volume 3 production; serve the privilege log; re-produce clean copies with the cross-reference table and the identification of annotated documents; produce the native files; and state, for each Request, whether responsive materials are being withheld and on what basis, as Rule 34(b)(2)(C) requires. An updated draft joint stipulation reflecting the July 13 conference and the current status of each issue is enclosed. Please provide Plaintiff's contentions, supporting authority, and proposed resolutions for insertion into the stipulation by close of business Thursday, July 16. Absent full cure, Defendants will file the motion to compel, with the completed stipulation attached, on Friday, July 17, 2026, and will seek their expenses under Rule 37(a)(5)(A).

Nothing in this letter waives any right, objection, or position of Defendants, all of which are reserved.

Best Regards,

Douglas L. Bridges
AdamsIP, LLC
453 Dauphin Street, 2nd Floor
Mobile, Alabama 36602
(251) 289-9787
doug@adamsiplaw.com
Counsel for Defendants

Enclosure: Updated Draft Joint Stipulation Regarding Defendants' Motion to Compel (with Exhibit A)