FILED
2026 Jul-15 PM 12:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **STUDIOROTAN LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No:2:25-cv-00020-GMB** |
| | ) | |
| **VICKII J. HOWELL and M.O.V.E. GULF COAST** | ) | |
| **COMMUNITY DEVELOPMENT CORPORATION,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION TO CLAW BACK INADVERTENTLY PRODUCED PRIVILEGED DOCUMENT AND FOR PROTECTIVE ORDER**

Plaintiff Studiorotan LLC, by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b) for an order: (1) confirming that the document identified as “review of work and fees.pdf,” inadvertently included in Plaintiff’s Volume 3 document production, is protected by the attorney-client privilege and the work product doctrine; (2) directing Defendants’ counsel to promptly return or destroy all copies of the document and any notes or summaries derived therefrom; and (3) precluding Defendants from using or disclosing the document in any court filing or proceeding.

## I. BACKGROUND

On July 15, 2026, Plaintiff transmitted Volume 3 of its document production to Defendants’ counsel. The production was assembled on an expedited basis in connection with Plaintiff’s ongoing effort to cure discovery deficiencies identified in Defendants’ July 11, 2026 letter and in compliance with Plaintiff’s written commitment to complete production by July 16, 2026.

Among the documents inadvertently included in Volume 3 was a file identified as "review of work and fees.pdf." That document is a draft internal communication prepared by undersigned counsel. The document was never finalized and was never transmitted to the client. It is marked "CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION" on its face

The document contains: (1) counsel's legal analysis of evidence received from the client, including assessments of evidentiary significance and strategic value; (2) counsel's work product reflecting mental impressions, legal theories, and litigation strategy; and (3) a draft billing component. No portion of this document was intended for production to opposing counsel.

On July 16, 2026, Defendants' counsel notified undersigned counsel that Defendants intend to file the document as an exhibit and requested Plaintiff's position on filing it under seal. Upon review, Plaintiff's counsel immediately notified Defendants' counsel by email that the document is privileged, that its production was inadvertent, and that Plaintiff demands its return and sequestration pursuant to Rule 26(b)(5)(B).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(5)(B) provides that when a party produces privileged information inadvertently, the receiving party "must promptly return, sequester, or destroy the specified information and any copies it has" and "must not use or disclose the information until the claim is resolved."

Federal Rule of Evidence 502(b) provides that inadvertent disclosure of privileged communications does not constitute a waiver if: (1) the disclosure was inadvertent; (2) the holder took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error.

## III. ARGUMENT

### A. The Document Is Protected by the Attorney-Client Privilege.

The document is a draft internal communication prepared by undersigned counsel containing counsel's legal analysis of evidence received from the client, assessments of evidentiary significance, identification of legal theories, and strategic impressions developed in connection with this litigation. It is expressly marked "CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION." Although the document also contains a draft billing component, the privileged legal analysis and strategic content are inextricably intertwined with the remainder of the document. Because the document was a draft that was never finalized or transmitted to the client, it remained entirely within the attorney-client relationship and was never intended for disclosure

### B. The Document Is Protected Work Product.

The "Legal Significance" column in the document contains counsel's legal analysis of evidence received from the client, including assessments of evidentiary value, identification of applicable legal theories, and strategic conclusions. This is quintessential opinion work product, reflecting counsel's "mental impressions, conclusions, opinions, [and] legal theories." Fed. R. Civ. P. 26(b)(3)(B). Opinion work product receives the highest level of protection and is "almost always" protected from disclosure.

### C. The Disclosure Was Inadvertent and Privilege Has Not Been Waived.

Under Federal Rule of Evidence 502(b), no waiver occurred. The disclosure was inadvertent , the document was mistakenly included in an expedited production assembled under significant time pressure. Plaintiff took reasonable steps to prevent disclosure, as the document was not intended for production. Upon learning of Defendants' intent to use the document, Plaintiff

immediately asserted privilege and demanded its return and sequestration the same day. These facts satisfy all three requirements of Rule 502(b).

Defendants' counsel was on notice of the document's privileged character from the moment it was received, as it is marked "CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION" on its face. A party who receives a document bearing an express privilege designation and then seeks to use it after a timely clawback demand does so at its own risk.

**D. The Court Should Preclude Any Use of the Document.**

Rule 26(b)(5)(B) imposes an affirmative obligation on Defendants to return, sequester, or destroy the document and to refrain from using it. Defendants' stated intention to file the document after being notified of Plaintiff's privilege claim would violate this obligation. The Court should enter a protective order confirming the document's privileged status and precluding any use, disclosure, or filing of the document or any information derived from it.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Confirm that "review of work and fees.pdf" is protected by the attorney-client privilege and work product doctrine;
2. Order Defendants' counsel to promptly return or destroy all copies of the document and any notes or summaries derived therefrom;
3. Preclude Defendants from filing, using, or disclosing the document or any information derived from it in this proceeding; and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**/s/ Gerard Lynn Truesdale**
**GERARD LYNN TRUESDALE**
Alabama Bar No. 95171B00T
Attorney Gerard L. Truesdale, PLLC
120 19th Street North, Suite 201
Birmingham, Alabama 35203
(205) 335-0072
gerardt@attorneytruesdale.com
Counsel for Plaintiff Studiorotan LLC

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, a true and correct copy of the foregoing Motion was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including Douglas L. Bridges, Esq., counsel for Defendants.

**/s/ Gerard Lynn Truesdale**
**GERARD LYNN TRUESDALE**
Alabama Bar No. 9517B00T