FILED
2026 Jul-18 PM 08:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **STUDIOROTAN LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No:2:25-cv-00020-GMB** |
| | ) | |
| **VICKII J. HOWELL and M.O.V.E. GULF COAST** | ) | |
| **COMMUNITY DEVELOPMENT CORPORATION,** | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL

Defendants seek leave to file Plaintiff's inadvertently produced privileged document, a draft attorney-client communication marked "CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION", as Exhibit A to their forthcoming opposition to Plaintiff's pending Motion to Claw Back (Doc. 85). The motion should be denied. The Court can and should resolve the privilege claim based on Plaintiff's description of the document and the declaration of undersigned counsel, without requiring the document to be placed in the court record. If the Court determines that inspection of the document is necessary, the appropriate procedure is direct submission to chambers for in camera review , not filing as a formal court exhibit that creates a sealed docket entry subject to potential unsealing.

### I. THE COURT CAN RESOLVE THE PRIVILEGE CLAIM WITHOUT INSPECTING THE DOCUMENT.

The attorney-client privilege and work product doctrine protect the document at issue on the face of the record. Plaintiff's clawback motion describes the document with particularity: it is a pre-transmission draft communication from undersigned counsel to Plaintiff's principal, prepared

in connection with this litigation, expressly marked "CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION," and never finalized or transmitted to the client in the form produced. A separate revised version was subsequently sent to the client; this draft remained solely within counsel's possession at all times until its inadvertent inclusion in Plaintiff's Volume 3 production.

The privilege is clear. This draft was never finalized, never transmitted to the client, and never left counsel's possession. It remained entirely within the attorney-client relationship from creation until its inadvertent inclusion in production. Courts have consistently held that the privilege protects draft communications that remain within the attorney-client relationship, including where a draft is later superseded by a transmitted final version.

The document also contains counsel's legal analysis of evidence received from the client , identifying evidentiary significance, applicable legal theories, and strategic conclusions developed in anticipation of litigation. This constitutes opinion work product, which reflects counsel's "mental impressions, conclusions, opinions, [and] legal theories" and receives the highest level of protection under Federal Rule of Civil Procedure 26(b)(3)(B). Opinion work product is "almost always" immune from disclosure.

Courts have broad discretion in determining whether in camera review is necessary to resolve a privilege dispute and routinely rule based on the asserting party's description and supporting declaration without inspecting the document itself. Plaintiff stands ready to supplement the record with a sworn declaration from undersigned counsel providing any additional detail the Court requires. The privilege is apparent from the description alone, and no inspection of the document is necessary to confirm it.

## II. IF THE COURT DETERMINES INSPECTION IS NECESSARY, THE APPROPRIATE PROCEDURE IS DIRECT SUBMISSION TO CHAMBERS.

Rule 26(b)(5)(B) permits the receiving party to "present the information to the court under seal for a determination of the claim." This provision contemplates a discreet judicial inspection , not the filing of the document as a numbered exhibit to an opposition brief. There is a material difference between the two procedures. Filing the document as Exhibit A to a brief creates a sealed court record that is indexed to the docket, reflected in the case record, and subject to unsealing if the Court later determines that privilege does not apply or was waived. Direct submission to chambers for in camera inspection, by contrast, is a private judicial review that does not create a public docket entry.

Defendants' proposed procedure , filing the document as Exhibit A to their opposition , is not what Rule 26(b)(5)(B) envisions. The rule permits presentation to the court for a determination of the claim. That determination rests with the Court, not with Defendants. It is the Court's prerogative to call for the document if it determines that inspection is necessary , not Defendants' prerogative to force it into the record by filing it as an exhibit. Plaintiff respectfully requests that if the Court determines review of the document is necessary, the Court direct Plaintiff to submit the document directly to chambers for in camera review rather than permit its placement in the court record as a sealed exhibit.

## III. DEFENDANTS SHOULD NOT BE PERMITTED TO EXPLOIT PLAINTIFF'S INADVERTENT DISCLOSURE WHILE REFUSING TO PARTICIPATE IN DISCOVERY.

Defendants have not produced a single document, answered a single interrogatory, or responded substantively to any of Plaintiff's discovery requests in this case. On July 6, 2026, Defendants refused to respond to Plaintiff's First Set of Interrogatories (Nos. 1–25) and First Set of Requests for Production (Nos. 1–35), asserting solely that the requests were untimely because

responses would fall due after the then-operative July 31, 2026 discovery deadline. On July 16, 2026, this Court entered Doc. 88 extending the discovery deadline to August 31, 2026. Defendants' sole basis for refusing to respond has been eliminated. Defendants remain in complete default on their discovery obligations.

It would be fundamentally inequitable to permit Defendants to place Plaintiff's inadvertently produced privileged document before the Court as a litigation weapon while Defendants themselves have wholly failed to participate in discovery. Defendants are seeking to use the Court's mechanisms to exploit a production error while withholding the entirety of their own documentary evidence. This is precisely the kind of selective, one-sided use of discovery that courts have consistently found inequitable. The Court should decline to grant Defendants any procedural advantage with respect to the inadvertently produced document until Defendants have met their own discovery obligations.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion for Leave to File Under Seal. The Court can and should resolve the privilege claim in Plaintiff's Motion to Claw Back (Doc. 85) based on Plaintiff's description of the document and the declaration of undersigned counsel. If the Court determines that inspection of the document is necessary, Plaintiff requests that the Court direct that the document be submitted to chambers for in camera review rather than permit its filing as a sealed court exhibit.

Respectfully submitted,

**/s/ Gerard Lynn Truesdale**
**GERARD LYNN TRUESDALE**
Alabama Bar No. 9517B00T
Attorney Gerard L. Truesdale, PLLC
120 19th Street North, Suite 201
Birmingham, Alabama 35203

(205) 335-0072
gerardt@attorneytruesdale.com
Counsel for Plaintiff Studiorotan LLC

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including Douglas L. Bridges, Esq., counsel for Defendants.

**/s/ Gerard Lynn Truesdale**

**GERARD LYNN TRUESDALE**