FILED
2026 Jul-18 PM 09:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **STUDIOROTAN LLC,** **Plaintiff,** | ) | |
| **v.** | ) | **Case No:2:25-cv-00020-GMB** |
| **VICKII J. HOWELL and M.O.V.E. GULF COAST COMMUNITY DEVELOPMENT CORPORATION,** **Defendants.** | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF VOLUNTARY PARTIAL DISMISSAL WITHOUT PREJUDICE OF COUNTS I AND V**

Plaintiff Studiorotan LLC does not dispute that Rule 41(a)(1) is unavailable after an answer has been served and is content for the Court to treat Doc. 79 as a motion under Rule 41(a)(2) or Rule 15(a)(2). The procedural vehicle is not the issue. The issue is the terms. Defendants have not established the clear legal prejudice required under Eleventh Circuit law to impose conditions, convert the dismissal to with prejudice, or award fees. The Court should grant the dismissal without prejudice and without conditions.

## I. THE GOVERNING STANDARD REQUIRES CLEAR LEGAL PREJUDICE.

Rule 41(a)(2) authorizes the court to dismiss an action on terms it considers proper. Still, the rule exists primarily to protect defendants from unfair prejudice, not to transform voluntary dismissal into a punitive mechanism. The Eleventh Circuit requires a showing of "clear legal prejudice" before a court may deny a voluntary dismissal or impose conditions.

In *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255–56 (11th Cir. 2001), the court held that "[t]he prospect of a second lawsuit and the fact that defendants had expended time and effort in preparation of this suit, without more, is insufficient to deny a motion under Rule

41(a)(2)." Clear legal prejudice means something concrete, loss of a substantive right or defense, forfeiture of evidence, or a change in law that would bar a future suit. It does not mean inconvenience, duplicative effort, or the defendant's preference that claims be resolved against the plaintiff on the merits. *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986).

## II. DEFENDANTS HAVE NOT SHOWN CLEAR LEGAL PREJUDICE.

### A. The Prospect of Future Litigation Is Not Legal Prejudice.

Defendants' primary argument is that if these counts are dismissed without prejudice, Plaintiff might refile them. That is precisely the argument the Eleventh Circuit held insufficient in *Pontenberg*. The mere possibility of a second lawsuit is not clear legal prejudice. Defendants identify no defense they would lose, no evidence that would become unavailable, and no change in law that would affect their position. Their argument is reduced to the proposition that they would rather have these counts decided now and against Plaintiff, which is not the standard.

### B. Defendants Cannot Claim Prejudice from Effort They Did Not Expend.

Defendants assert they expended significant effort defending Counts I and V. The record does not support that claim. Defendants have produced not a single document and have answered not a single interrogatory in this case. On July 6, 2026, Defendants refused to respond to all sixty of Plaintiff's discovery requests, asserting that the requests were untimely. On July 16, 2026, this Court extended the discovery deadline to August 31, 2026 (Doc. 88), eliminating the only basis for that refusal. Defendants remain in complete default on their discovery obligations. A party that has declined to participate in discovery cannot credibly claim that it will suffer prejudice from dismissal of claims it chose not to defend in discovery.

### C. Defendants' Specific Arguments Do Not Establish Legal Prejudice.

Defendants argue that Count I should be dismissed with prejudice because prior counsel made statements at the preliminary injunction hearing acknowledging the absence of a signed written contract. Statements by prior counsel at a preliminary injunction hearing are not judicial admissions binding on current counsel or on the merits. More importantly, Plaintiff's recovery theories under Counts II, III, and IV do not depend on the existence of a signed written contract at all. The documentary record, including a December 20, 2019 memorandum from Defendant Howell acknowledging an outstanding invoice and transmitting a partial payment, and a 2023 email from Howell acknowledging a remaining balance, establishes a course of dealing and an acknowledged debt that fully support the surviving claims. Dismissal of Count I does not foreclose those theories.

As to Count V (Defamation), Defendants note that Plaintiff's interrogatory answers did not identify a specific defamatory statement. Discovery has now been extended to August 31, 2026. The failure to identify a statement in an early interrogatory answer during a period of significant discovery disarray, which current counsel inherited upon entering this matter on April 30, 2026, does not establish that no defamatory statements exist. Regardless, Plaintiff is not required to retain a claim it has chosen to dismiss to streamline litigation. The question is whether Defendants suffer clear legal prejudice from the dismissal, and they do not.

## III. NO FEES OR CONDITIONS SHOULD BE IMPOSED.

Defendants request, in the alternative, that any without-prejudice dismissal be conditioned on payment of their fees and expenses in defending Counts I and V. This request should be denied for two reasons.

First, Defendants have not demonstrated what work they actually performed in defending these specific counts, as distinct from the case as a whole. The work of opposing a preliminary injunction, filing an amended answer, and serving interrogatories was not specific to Counts I and V; it was work done in connection with the entire case. Defendants cannot disaggregate general litigation effort into fees attributable to particular counts they now claim to have specifically defended.

Second, awarding fees to a party in complete discovery default would be unjust. Defendants have not answered a single interrogatory or produced a single document. They refused all of Plaintiff's sixty discovery requests. They declined to participate in the substantive development of any issue in this case. A fee award in these circumstances would reward deliberate non-participation and punish Plaintiff for dismissing claims that Defendants themselves never chose to defend in discovery.

**IV. THE RULE 11 AND COUNTERCLAIM POINTS REQUIRE NO RESPONSE.**

Plaintiff agrees that voluntary dismissal does not divest the Court of authority to address Rule 11 conduct. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990). Plaintiff is not dismissing Counts I and V to escape Rule 11 scrutiny; it is streamlining this case to focus resources on its surviving copyright, unjust enrichment, and tortious interference claims. If Defendants file their Rule 11 motion, Plaintiff will respond to it on the merits. Plaintiff similarly agrees that dismissal of Counts I and V does not affect Defendants' pending counterclaims, which proceed regardless of the partial dismissal.

Finally, Plaintiff acknowledges that Doc. 79 contained a misdescription of the surviving claims, erroneously identifying Count III as a trademark count. That error has been corrected in

Plaintiff's Amended Notice of Errata (Doc. 84), which accurately identifies the operative Complaint (Doc. 1) and the three surviving counts. It requires no further attention here.

## CONCLUSION

Plaintiff respectfully requests that the Court treat Doc. 79 as a motion under Rule 41(a)(2) or Rule 15(a)(2) and grant it, dismissing Counts I and V without prejudice and without conditions. Defendants have shown no clear legal prejudice, incurred no identifiable fees specific to these counts, and participated in no discovery that would be wasted by dismissal. The partial dismissal streamlines this case by focusing on the claims most directly supported by the evidence and should be granted on those terms.

Respectfully submitted,

**/s/ Gerard Lynn Truesdale**

**GERARD LYNN TRUESDALE**

Alabama Bar No. 9517B00T

Attorney Gerard L. Truesdale, PLLC

120 19th Street North, Suite 201

Birmingham, Alabama 35203

(205) 335-0072

gerardt@attorneytruesdale.com

Counsel for Plaintiff Studiorotan LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including Douglas L. Bridges, Esq., counsel for Defendants.

**/s/ Gerard Lynn Truesdale**

**GERARD LYNN TRUESDALE**

Alabama Bar No. 9517B00T