FILED
2026 Jul-28 PM 06:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STUDIOROTAN LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-00020-GMB |
| | ) | |
| VICKII J. HOWELL, and | ) | |
| M.O.V.E. GULF COAST CDC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CLAW BACK (DOC. 85)**

Pursuant to the Court's order of July 21, 2026, Doc 96, Defendants submit under seal, as Exhibit A, the document that is the subject of Plaintiff's motion. Defendants take no position on how the Court resolves the privilege question and seek no sanction. The document had been previously been suggested as an exhibit to the Defendants' Opposition to Plaintiff's Motion to Extend Discovery Deadlines. Upon the Court's ruling on that motion, the need to determine the privilege status of the relevant document has become moot. Defendants have sequestered the document since receiving Plaintiff's notice, have not used or filed it, and will abide by whatever disposition the Court directs, including return or destruction.

Defendants write only to preserve two discovery points and one limitation on the scope of any order.

First, Plaintiff's opposition to the sealing motion states that the document was not transmitted to the client "in the form produced" and that "[a] separate revised version was subsequently sent to the client." Doc. 89 at 1–2. Such a statement appears to be at odds with its inclusion in a set of documents that appear to come directly from the files of the Plaintiff's sole member. Regardless, a separate transmitted version is responsive to Defendants' Request for Production No. 27, which sought Plaintiff's engagement letters, fee arrangements, and billing records. It has not been produced. Whatever the status of the document at Exhibit A, Defendants respectfully request that Plaintiff be directed to produce the transmitted version or to log it.

Second, Plaintiff has promised a privilege log in two successive sets of responses and has not served one. Fed. R. Civ. P. 26(b)(5)(A) requires it, and its absence is what left the parties litigating the status of a document no one had reviewed. Defendants request that any order resolving this motion direct service of a complete privilege log by a date certain.

Third, Plaintiff asks the Court to bar Defendants from using "any information derived from" the document. Doc. 85 at 4. Defendants do not object to an order governing the document itself. They ask only that any order be limited to the document and not extend to underlying facts that are independently discoverable, such as the dates on which Plaintiff's discovery materials were prepared, which Defendants may develop through deposition testimony, interrogatory answers, and third-party records.

Subject to those three points, Defendants defer to the Court.

Dated: July 28, 2026

Respectfully submitted,

/s/ Douglas L. Bridges
Douglas L. Bridges (1974N06L)
ADAMSIP, LLC
453 Dauphin Street, 2nd Floor
Mobile, Alabama 36602
Phone: (251) 289-9787
doug@adamsiplaw.com
Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will serve all counsel of record. Exhibit A is filed under seal pursuant to the Court's order.

/s/ Douglas L. Bridges