FILED
2026 Aug-11 AM 11:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STUDIOROTAN LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-20-GMB |
| | ) | |
| VICKII J. HOWELL, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

# <u>ORDER</u>

Plaintiff Studiorotan LLC filed a Motion to Claw Back Inadvertently Produced Privileged Document and for Protective Order. Doc. 85. In the motion, Studiorotan requests an order (1) finding that the document at issue is protected by the attorney-client privilege and work product doctrine; (2) directing defense counsel to return or destroy all copies and any notes or summaries of the document; and (3) precluding the use or disclosure of the document in any future court filing or proceeding. Doc. 85. In response to the motion, Defendants Vickii J. Howell and M.O.V.E. Gulf Coast CDC "take no position on how the Court resolves the privilege question and seek no sanction." Doc. 98 at 1. Apparently, Defendants planned to use the document in support of their opposition to Studiorotan's motion to extend the discovery deadline. Doc. 98 at 1. But because the court granted the motion, "the need to determine the privilege status of the relevant document has become moot."

Doc. 98 at 1. Defendants also represent that they "have sequestered the document since receiving Plaintiff's notice . . . and will abide by whatever disposition the court directs, including return or destruction." Doc. 98 at 1.

The court agrees that the motion is moot.[1] Even so, Defendants filed the document under seal two days after they filed their response. Doc. 99. The court therefore clarifies that the document will remain sealed and Defendants are not permitted to use it without leave of the court.

Accordingly, it is ORDERED as follows:

1. The Motion to Claw Back Inadvertently Produced Privileged Document and for Protective Order (Doc. 85) is MOOT.

2. Defendants must destroy or return all copies of the pertinent document, as well as any notes or summaries, on or before **August 18, 2026**.

DONE and ORDERED on August 11, 2026.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

[1] The court will not address the other discovery issues raised in Defendants' response. Doc. 98 at 2. If the parties cannot resolve these issues without court intervention, Defendants may file a motion consistent with the procedure described in the court's initial order. *See* Doc. 24 at 1–3.